UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL MITCHELL, ROBIN BALL, LUKE RETTMER, ARMEN TOOLOEE, NATHANIEL CASEY, MATTHEW WALD, SECOND AMENDMENT FOUNDATION, and NATIONAL RIFLE ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES ATKINS, in his official capacity as the Sheriff of Clark County, Washington, CRAIG MEIDL, in his official capacity as the Chief of Police of Spokane, Washington, and TERESA BERNTSEN, in her official capacity as the Director of the Washington State Department of Licensing, <br><br> Defendants. | No. 3:19-cv-05106 <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

## I.  INTRODUCTION

1.     This case is a federal civil rights action brought pursuant to 42 U.S.C. § 1983 seeking declaratory judgment and injunctive relief.

2.     This suit challenges the constitutionality of certain bans enacted through Washington State Initiative No. 1639 ("I-1639"), enacted by voters on November 6, 2018. A copy of I-1639 is attached hereto as Exhibit A.

3.     I-1639 drastically rewrites statutes governing purchase, sale, and ownership of firearms in common use in the state of Washington. It thereby infringes the Plaintiffs' right

under the Commerce Clause, U.S. Const. Art. I § 8 Cl. 3, and the Second and Fourteenth Amendments to the United States Constitution.

4.     Section 13 of I-1639 became effective on January 1, 2019; the balance of I-1639 becomes effective on July 1, 2019.

## II.  JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the suit arises under Art. I § 8 Cl. 3 and the Second and Fourteenth Amendments to the United States Constitution.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343 because the suit arises under the Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiffs by U.S. Const. Art. I § 8 Cl. 3 and the Second and Fourteenth Amendments to the U.S. Constitution.

7.     Under 28 U.S.C. § 1367 this Court has supplemental jurisdiction over claims stated in this Complaint that arise under state law but are so related to the federal claims as to form part of the same case or controversy.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and LCR 3(e), and intra-district assignment to the Tacoma Division is proper because a substantial part of the events and omissions that give rise to Plaintiffs' claims arose in this judicial district and division, and Defendants Atkins and Berntsen do business and operate in this judicial district and division.

## III.  PARTIES

9.     Plaintiff Daniel Mitchell is a federally licensed firearms dealer.

10.     Mitchell operates a business in Vancouver, Washington, which sells firearms to the public.

11.     Plaintiff Robin Ball is a federally licensed firearms dealer.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 2
3:19-cv-05106

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

12.     Ball operates a business in Spokane, Washington, which sells firearms to the public.

13.     Plaintiff Luke Rettmer is a resident of the state of Washington.

14.     Rettmer is 20 years old.

15.     Plaintiff Nathaniel Casey is a resident of the state of Washington.

16.     Casey is 19 years old.

17.     Plaintiff Armen Tooloee is a resident of the state of Washington.

18.     Tooloee is 20 years old.

19.     Plaintiff Matthew Wald is a resident of the state of Washington.

20.     Wald is 19 years old.

21.     Plaintiffs Rettmer, Casey, Tooloee, and Wald are hereafter identified together as the "Young Adult Plaintiffs."

22.     Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington.

23.     SAF has over 600,000 members and supporters nationwide, including thousands in the State of Washington.

24.     SAF's members include Plaintiffs Mitchell, Ball, Rettmer, Casey, Tooloee, and Wald.

25.     SAF offers education, research, publishing, and support for the constitutional right to own and possess firearms.

26.     SAF brings this action on behalf of itself and its members.

27.     Plaintiff National Rifle Association of America, Inc. ("NRA") is a nonprofit association incorporated under the laws of New York. Its principal place of business is 11250 Waples Mill Road, Fairfax, VA 22030.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 3
3:19-cv-05106

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

28.     The NRA is the oldest civil rights organization in America and the Nation's foremost defender of Second Amendment rights.

29.     The NRA promotes the safe and responsible purchase, possession, and use of firearms by law-abiding adults for lawful purposes, such as self-defense, target practice, marksmanship competition, and hunting.

30.     The NRA is the leading provider of firearms marksmanship and safety training for civilians and law-enforcement officers.

31.     The NRA has a membership of approximately five million persons, many thousands of whom reside throughout the state of Washington.

32.     NRA's members include Plaintiffs Mitchell, Ball, and Rettmer.

33.     NRA brings this action on behalf of itself and its members.

34.     Plaintiffs Second Amendment Foundation and National Rifle Association are hereafter identified together as the "Organizational Plaintiffs."

35.     Defendant Charles Atkins is sued in his official capacity as the Sheriff of Clark County, Washington. In that capacity, he issues Plaintiff Mitchell's license to sell firearms in the State of Washington, and has the authority to revoke that license for violations of Washington laws governing sales of firearms.

36.     Defendant Craig Meidl is sued in his official capacity as the Chief of Police of Spokane, Washington. In that capacity, he issues Plaintiff Ball's license to sell firearms in the State of Washington, and has the authority to revoke that license for violations of Washington laws governing sales of firearms.

37.     Defendant Teresa Berntsen is sued in her official capacity as the Director of the Washington State Department of Licensing. In that capacity, she has the authority to revoke both Ball and Mitchell's licenses to sell firearms for violations of Washington laws governing sales of firearms.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

# IV. FACT ALLEGATIONS

**A.**    **I-1639 Bans Certain Sales Of Self Loading Rifles.**

38.    I-1639 includes the following definition:

"Semiautomatic assault rifle" means any rifle which utilizes a portion of the energy of a firing cartridge to extract the fired cartridge case and chamber the next round, and which requires a separate pull of the trigger to fire each cartridge.

39.    Rifles that utilize a portion of the energy of a firing cartridge to extract the fired cartridge case and chamber the next round, and which require a separate pull of the trigger to fire each cartridge (hereinafter "self loading rifles") are in common use in Washington and in the United States.

40.    Self loading rifles are used for lawful purposes in Washington and in the United States.

41.    I-1639 amends RCW 9.41.240 to add the following ban:

A person under twenty-one years of age may not purchase a pistol or semiautomatic assault rifle, and except as otherwise provided in this chapter, no person may sell or transfer a semiautomatic assault rifle to a person under twenty-one years of age. . .

42.    I-1639 amends RCW 9.41.124, which reads in part:

Residents of a state other than Washington may purchase rifles and shotguns, except those firearms defined as semiautomatic assault rifles, in Washington …

43.    The words "except those firearms defined as semiautomatic assault rifles" were added to the existing statute by I-1639.

**B.**    **Defendants Intend To Enforce I-1639.**

44.    Defendant Atkins, in his official capacity as Sheriff of Clark County, Washington, issues a license to Plaintiff Mitchell to sell firearms.

45.    Without the license issued by Atkins, Mitchell may not sell firearms.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

46.     In conducting his business of selling firearms, Mitchell is required to comply with all relevant state laws, including I-1639's ban on certain self loading rifle sales.

47.     If Mitchell does not comply with state law in the conduct of his business selling firearms, Washington law requires Atkins to revoke Mitchell's license.

48.     On February 1, 2019, Atkins stated "Initiative 1639, which was passed by a vote of the people, makes significant changes to the firearm laws of the State of Washington. The initiative is being challenged in court. The Clark County Sheriff's Office will evaluate the statutory requirements of initiative 1639 and will adopt policy consistent with state law and any subsequent judicial rulings. The Clark County Sheriff's Office will adhere to the law as passed by a vote of the people unless a court rules that it is unconstitutional."

49.     Defendant Meidl, in his official capacity as Chief of Police of Spokane, Washington, issues a license to Plaintiff Ball to sell firearms.

50.     Without the license issued by Meidl, Ball may not sell firearms.

51.     In conducting her business of selling firearms, Ball is required to comply with all relevant state laws, including I-1639's ban on certain self loading rifle sales.

52.     If Ball does not comply with state law in the conduct of her business selling firearms, Washington law requires Meidl to revoke Ball's license.

53.     On information and belief, plaintiffs allege that Meidl intends to enforce relevant state laws governing the sale of firearms, including revoking the licenses of dealers, including Ball, who sell self loading rifles in violation of I-1639.

54.     Plaintiffs allege that a reasonable opportunity for discovery will show that Meidl intends to enforce relevant state laws governing the sale of firearms, including revoking the licenses of dealers, including Ball, who sell self loading rifles in violation of I-1639.

55.     Defendant Berntsen, in her official capacity as Director of the Washington State Department of Licensing, is authorized by state law to revoke the licenses of dealers who do not comply with state law in the conduct of the business of selling firearms.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

56.     On information and belief, plaintiffs allege that Berntsen intends to enforce relevant state laws governing the sale of firearms, including revoking the licenses of dealers, including Michell and Ball, who sell self loading rifles in violation of I-1639.

57.     Plaintiffs allege that a reasonable opportunity for discovery will show that Berntsen intends to enforce relevant state laws governing the sale of firearms, including revoking the licenses of dealers, including Mitchell and Ball, who sell self loading rifles in violation of I-1639.

**C.      Harm From The Ban On Selling Self Loading Rifles To Young Adults.**

58.     Rettmer is not prohibited by any law from purchasing or owning a firearm except by virtue of his age.

59.     Rettmer desires to purchase a self loading rifle.

60.     On February 4, 2019, Rettmer contacted Mitchell and inquired about the purchase of a Ruger 10/22 self-loading rifle.

61.     Mitchell routinely stocks the Ruger 10/22, and offers it for sale for $299.

62.     Rettmer informed Mitchell that he was age 19.

63.     Mitchell informed Rettmer that, due to Rettmer's age, Mitchell would not sell him the Ruger 10/22.

64.     Mitchell will not sell Rettmer a Ruger 10/22 because the sale would violate Washington state law governing firearms sales as amended by I-1639, effective January 1, 2019.

65.     In light of Atkin's stated intent to enforce I-1639, Mitchell reasonably fears that selling a Ruger 10/22 to Rettmer will result in the loss of his license to sell firearms in Washington, and thus the loss of his business.

66.     Rettmer was thereby harmed by Washington's ban on sales of self-loading rifles to young adults enacted by I-1639.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

67.     Rettmer is unable to exercise his right under the Second Amendment of the United States Constitution to purchase a firearm that is in common use for lawful purposes in Washington and the United States.

68.     Mitchell was thereby harmed by Washington's ban on sales of self-loading rifles to young adults enacted by I-1639.

69.     Mitchell was unable to sell Rettmer a firearm that is in common use for lawful purposes in Washington and the United States.

70.     Mitchell lost the profits that would accrue to him from the sale to Rettmer of a firearm that is in common use for lawful purposes in Washington and the United States.

71.     Tooloee is not prohibited by any law from purchasing or owning a firearm except by virtue of his age.

72.     Tooloee desires to purchase a self loading rifle.

73.     On February 6, 2019, Tooloee contacted Mitchell and inquired about the purchase of a Ruger 10/22 self-loading rifle.

74.     Mitchell routinely stocks the Ruger 10/22, and offers it for sale for $299.

75.     Tooloee informed Mitchell that he was age 20.

76.     Mitchell informed Tooloee that, due to Tooloee's age, Mitchell would not sell him the Ruger 10/22.

77.     Mitchell will not sell Tooloee a Ruger 10/22 because the sale would violate Washington state law governing firearms sales as amended by I-1639, effective January 1, 2019.

78.     In light of Atkin's stated intent to enforce I-1639, Mitchell reasonably fears that selling a Ruger 10/22 to Tooloee will result in the loss of his license to sell firearms in Washington, and thus the loss of his business.

79.     Tooloee was thereby harmed by Washington's ban on sales of self-loading rifles to young adults enacted by I-1639.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

80.    Tooloee is unable to exercise his right under the Second Amendment of the United States Constitution to purchase a firearm that is in common use for lawful purposes in Washington and the United States.

81.    Mitchell was thereby harmed by Washington's ban on sales of self-loading rifles to young adults enacted by I-1639.

82.    Mitchell was unable to sell Tooloee a firearm that is in common use for lawful purposes in Washington and the United States.

83.    Mitchell lost the profits that would accrue to him from the sale to Tooloee of a firearm that is in common use for lawful purposes in Washington and the United States.

84.    Ward is not prohibited by any law from purchasing or owning a firearm except by virtue of his age.

85.    Ward desires to purchase a self loading rifle.

86.    On February 4, 2019, Ward contacted Mitchell and inquired about the purchase of a Ruger 10/22 self-loading rifle.

87.    Mitchell routinely stocks the Ruger 10/22, and offers it for sale for $299.

88.    Ward informed Mitchell that he was age 19.

89.    Mitchell informed Ward that, due to Ward's age, Mitchell would not sell him the Ruger 10/22.

90.    Mitchell will not sell Ward a Ruger 10/22 because the sale would violate Washington state law governing firearms sales as amended by I-1639, effective January 1, 2019.

91.    In light of Atkin's stated intent to enforce I-1639, Mitchell reasonably fears that selling a Ruger 10/22 to Ward will result in the loss of his license to sell firearms in Washington, and thus the loss of his business.

92.    Ward was thereby harmed by Washington's ban on sales of self-loading rifles to young adults enacted by I-1639.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

93.     Ward is unable to exercise his right under the Second Amendment of the United States Constitution to purchase a firearm that is in common use for lawful purposes in Washington and the United States.

94.     Mitchell was thereby harmed by Washington's ban on sales of self-loading rifles to young adults enacted by I-1639.

95.     Mitchell was unable to sell Ward a firearm that is in common use for lawful purposes in Washington and the United States.

96.     Mitchell lost the profits that would accrue to him from the sale to Ward of a firearm that is in common use for lawful purposes in Washington and the United States.

97.     Casey is not prohibited by any law from purchasing or owning a firearm except by virtue of his age.

98.     Casey desires to purchase a self loading rifle.

99.     On February 6, 2019, Casey contacted Ball and inquired about the purchase of a Ruger 10/22 self-loading rifle.

100.    Ball routinely stocks the Ruger 10/22, and offers it for sale for $299.

101.    Casey informed Ball that he was age 19.

102.    Ball informed Casey that, due to Casey's age, Ball would not sell him the Ruger 10/22.

103.    Ball will not sell Casey a Ruger 10/22 because the sale would violate Washington state law governing firearms sales as amended by I-1639, effective January 1, 2019.

104.    Ball reasonably fears that selling a Ruger 10/22 to Casey will result in the loss of her license to sell firearms in Washington, and thus the loss of her business.

105.    Casey was thereby harmed by Washington's ban on sales of self-loading rifles to young adults enacted by I-1639.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

106.    Casey is unable to exercise his right under the Second Amendment of the United States Constitution to purchase a firearm that is in common use for lawful purposes in Washington and the United States.

107.    Ball was thereby harmed by Washington's ban on sales of self-loading rifles to young adults enacted by I-1639.

108.    Ball was unable to sell Casey a firearm that is in common use for lawful purposes in Washington and the United States.

109.    Ball lost the profits that would accrue to him from the sale to Casey of a firearm that is in common use for lawful purposes in Washington and the United States.

**D.    Harm From The Ban On Sales Of Self-Loading Rifles To Non-Residents**

110.    Mitchell has previously sold self loading rifles to residents of other states.

111.    Mitchell profits from such sales.

112.    Mitchell intends in the future, absent a statutory ban, to continue selling self-loading rifles to residents of other states.

113.    Approximately 30% of Mitchell's business consists of sales of self-loading rifles to residents of other states.

114.    Because the statutory ban on sales of self-loading rifles to residents of other states will come into force on July 1, 2019, Mitchell has already taken steps to reduce inventory and to refuse requests for special orders of self-loading rifles with longer delivery times, knowing that such sales will be forbidden in under five months.

115.    Mitchell has been harmed by the loss of profit that would result from sales of self-loading rifles to residents of other states, because he will never be able to make sales of self-loading rifles that he has not ordered for stocking and selling in the latter half of 2019.

**V.  CAUSES OF ACTION**

116.    The allegations of the previous paragraphs are incorporated as if fully set forth.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 11
3:19-cv-05106

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

**A.     Count I: Declaratory Relief That The Ban On Sales Of Self Loading Rifles To Young Adults Impermissibly Impairs Rights Guaranteed By The Second Amendment**

117.    The Young Adult Plaintiffs seek a declaration from this Court that the ban enacted by I-1639 which forbids a young adult from purchasing, and forbids a dealer from selling to a young adult, a self loading rifle, impermissibly burdens their exercise of rights guaranteed by the Second Amendment to the United States Constitution.

118.    The Dealer Plaintiffs seek a declaration from this Court that the ban enacted by I-1639 which forbids a young adult from purchasing, and forbids a dealer from selling to a young adult, a self-loading rifle, impermissibly burdens their exercise of rights guaranteed by the Second Amendment to the United States Constitution.

119.    The Organizational Plaintiffs, on their own behalf and on behalf of their members, seek a declaration from this Court that the ban enacted by I-1639 which forbids a young adult from purchasing, and forbids a dealer from selling to a young adult, a self-loading rifle, impermissibly burdens the exercise of rights guaranteed by the Second Amendment to the United States Constitution.

**B.     Count II: Declaratory Relief That The Ban On Sales Of Self Loading Rifles To Nonresident Purchasers Violates The Commerce Clause.**

120.    The Dealer Plaintiffs seek a declaration from this Court that the ban enacted by I-1639 which forbids a licensed dealer from selling self loading rifles to non-residents of the state impermissibly burdens interstate commerce in violation of the Commerce Clause of the United States Constitution, Art. I § 8 cl. 3.

**C.     Count III: Violation of Civil Rights (42 U.S.C. § 1983).**

121.    Defendants have stated their intention to enforce I-1639 including the bans on sales of self loading rifles to young adults and to nonresidents.

122.    In doing so, defendant will act under color of state law.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

123. The enforcement of I-1639 will deprive Plaintiffs of civil rights guaranteed by the Second Amendment to the United States Constitution, as applied by the Fourteenth Amendment to the United States Constitution, as well as rights guaranteed by the Commerce Clause, Art. I § 8 cl. 3.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

124. A declaration that the challenged portions of I-1639 are unconstitutional;

125. An order enjoining the defendants, and anyone acting on their behalf or in concert with them, from enforcing I-1639 in its entirety unless the law is ruled severable, and in that case, as to those sections determined to be unconstitutional;

126. Plaintiffs' costs and attorneys' fees; and

127. Such other and further relief as the court shall deem just and appropriate.

February 8, 2019.

ARD LAW GROUP PLLC

By: _____
Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243


ALBRECHT LAW PLLC

By: _____
Matthew C. Albrecht, WSBA #36801
David K. DeWolf, WSBA #10875
421 W. Riverside Ave., Ste. 614
Spokane, WA 99201
(509) 495-1246
Attorneys for Plaintiffs

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 13
3:19-cv-05106

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243