UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL MITCHELL, ROBIN BALL, LUKE RETTMER, ARMEN TOOLOEE, NATHANIEL CASEY, MATTHEW WALD, SECOND AMENDMENT FOUNDATION, and NATIONAL RIFLE ASSOCIATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHUCK ATKINS, in his official capacity as the Sheriff of Clark County, Washington, CRAIG MEIDL, in his official capacity as the Chief of Police of Spokane, Washington, and TERESA BERNTSEN, in her official capacity as the Director of the Washington State Department of Licensing,<br><br>*Defendants*. | The Honorable Ronald B. Leighton<br><br>No. 3:19-cv-05106-RBL<br><br>OPPOSITION TO MOTION FOR PROTECTIVE ORDER<br><br>ORAL ARGUMENT REQUESTED |

OPPOSITION TO MOTION FOR PO - i
No. 3:19-cv-05106-RBL

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT .......................................................................................................................1

    A. The Department Must Present A Witness With Knowledge......................................1

        1. Cases Excusing 30(b)(6) Designations For Lack Of Knowledge Are Inapposite According To The Department's Own Statements. ......................2

        2. The Notice Does Not Seek Expert Testimony. ................................................4

        3. The Deposition Does In Fact Seek To Pin Down The Department On Its Litigation Positions; It Is Not "Premature." ...............................................4

        4. "Localized Facts" Are At Issue. .......................................................................5

        5. "Legislative Facts" Are Not Excused From Discovery...................................6

    B. The Notice Seeks Facts, Not Legal Opinions Or Work Product. ...............................7

III. CONCLUSION ...................................................................................................................12

OPPOSITION TO MOTION FOR PO - ii
No. 3:19-cv-05106-RBL

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

TABLE OF AUTHORITIES

CASES

*Anderson v. Anderson*, 2019 WL 2450609 (W.D. Wash. 2019) .................................................. 4

*ANZ Advanced Technologies, LLC v. Bush Hog, LLC*, 2010 WL 11575130 (S.D. Ala. 2010) ............................................................................................................................ 10

*Fidelity Management & Research Co. v. Actuate Corp.*, 275 F.R.D. 63 (D. Mass. 2011) ............................................................................................................................. 9

*In Re National Western Life Ins. Deferred Annuities Litigation*, 2011 WL 1304587 (S.D. Cal. 2011) ............................................................................................................. 9

*JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) ...................... 9

*Kelley v. Microsoft Corp.*, 2008 WL 5000278 (W.D. Wash. 2008) ............................................. 1

*S.E.C. v. Kramer*, 778 F. Supp. 2d 1320 (M.D. Fla. 2011) ................................................... 5, 11

*Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524 (D. Kan. 2006) ........................................................................................................................... 12

*UMG Recordings, Inc. v. Grande Communications Networks, LLC*, 2018 WL 4627276 (W.D. Tex. 2018) ........................................................................................... 11

*United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996) ......................................................... 5

*Wiesmueller v. Kosobucki*, 547 F.3d 740 (7th Cir. 2008) ........................................................... 7

RULES

Fed. R. Civ. P. 26 ............................................................................................................ 1, 4, 5, 9

Fed. R. Civ. P. 30(b)(6) ...................................................................................................... passim

Fed. R. Civ. P. 33 ........................................................................................................................ 6

Fed. R. Civ. P. 34 ........................................................................................................................ 6

Fed. R. Evid. 201 ........................................................................................................................ 6

OPPOSITION TO MOTION FOR PO - iii
No. 3:19-cv-05106-RBL

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

## I. Introduction

In general, discovery is permissible with respect to any nonprivileged matter that is relevant to any party's claim... Courts should not bar a relevant deposition absent extraordinary circumstances as such a prohibition would likely be in error." *Kelley v. Microsoft Corp.*, 2008 WL 5000278, at *1 (W.D. Wash. 2008) (internal citations and alterations omitted). No such extraordinary circumstances are present here.

## II. Argument

The Department objects to the Fed. R. Civ. P. 30(b)(6) notice on two grounds: first, that compliance is unduly burdensome because no person within the Department of Licensing has any *present* knowledge as to the topics, and second, that any testimony will necessarily offer legal opinions. Both objections fail.

First, the Department avers that its Director and employees lack relevant knowledge as to the topics "at this time." Plainly, as demonstrated in the Motion, as well as in all the Department's objections to Requests for Production of Documents, Interrogatories, and Requests for Admission, the Department intends—eventually—to supply the Court with facts and documents in support of its defense of the challenged statutes. The Motion asks this Court to allow it to do so at a time of its choosing, and without first disclosing documents, facts, and defense theories to the plaintiffs, as required by the Federal Rules.

Second, the Department objects that because certain common English words are defined in the Notice with reference to a Supreme Court opinion, all questions in the deposition will necessarily elicit only legal opinions. This is wrong, and it is no reason to preclude a deposition.

**A.   The Department Must Present A Witness With Knowledge.**

The Department of Licensing, like every government agency, is subject to Rule 30(b)(6). The Department does not contest this. Plaintiffs are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1).

Opposition to Motion for PO - 1
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Here, several areas of fact inquiry are relevant:[1] (1) the extent to which certain newly banned firearms are in common use in Washington; (2) whether the owners of those firearms are law-abiding citizens; (3) whether those firearms are used for lawful purposes; (4) whether those firearms are dangerous and unusual; (5) whether they are most useful in military service; (6) whether a ban on their interstate sale affects interstate commerce, and if so, to what extent; (7) what state interest is served by banning sales of those firearms to young adults; and (8) what state interest is served by banning interstate sales of those firearms.

Plaintiffs are entitled to depose a representative witness prepared to testify as to facts bearing on these issues, such as the number of Washington residents who own firearms subject to the bans, what crimes have been committed by those owners, non-criminal uses of the firearms, and any facts the Department has supporting a contention that the banned firearms are most useful for military service.

### 1. Cases Excusing Rule 30(b)(6) Designations For Lack Of Knowledge Are Inapposite According To The Department's Own Statements.

The Department relies heavily on a series of cases that excuse Rule 30(b)(6) depositions where an entity cannot prepare a witness because it has no knowledge as to one or more topics. However, it makes each of those cases inapposite by arguing that it may yet procure and present facts relevant to every identified topic—but only later, at a time of its own choosing. It does so in two ways. First, every excuse which pleads lack of knowledge is carefully limited by the phrase "at this time." For example, "At this time, Director Berntsen does not anticipate relying on facts obtained or developed from within DOL at all." Mot. at 6-7. (The Department further limits this caveat with a footnote that if it alters its position, it will supplement its responses.) The Department further suggests that "at this stage the State *may* carry its burden using legislative facts, which would be revealed to Plaintiffs at the time for 'exchanging briefs.'" Mot. at 8:21-23. Director Berntsen avers that she lacks knowledge to testify to the noticed topics only "at this time." Mot., 6:26; Berntsen Decl. *passim*. While the Department seeks to avoid the notice, it acknowledges that "If at a later stage of litigation Director

---

[1] The Department makes no claim that the requested discovery is irrelevant.

OPPOSITION TO MOTION FOR PO - 2
No. 3:19-cv-05106-RBL

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Berntsen is required to develop adjudicative facts, such facts will be subject to the her [sic] duty of continuing disclosure." Mot. at 9:1-2. What the Department plainly proposes, as admitted when it states it need only produce documents and testimony in summary judgment briefs, is that the "later stage" means "after the close of discovery," which also means "when Plaintiffs can't make use of the facts." Unsurprisingly, the Department cites no case for the proposition that it may remain studiously ignorant of facts supporting its defense until a time of its own choosing, and nonetheless avoid the obligations imposed by the Rules, including the obligation to present a Rule 30(b)(6) witness with the accompanying burdens imposed if that witness is unprepared.

Indeed, it is for this very reason that Rule 30(b)(6) allows Plaintiffs to seek the Department's definitive testimony on these topics. The time is now, not later (at summary judgment), when Plaintiffs can no longer prepare their case. Whatever burden the notice imposes on the Department, it is not "undue." Indeed, the Department is free to make no investigation at all, subject to the possible exclusion of later-discovered facts. There can hardly be much burden from a deposition that entails a witness stating "I don't know" to eight questions. Of course, the Department does not want that result from a Rule 30(b)(6) deposition. Instead, it wants to avoid testifying so that it can present its facts and case without first being obliged to disclose it to Plaintiffs.

The Department hits the bullseye when it notes that "courts have held that the inability to designate an appropriate representative may preclude the agency from offering evidence on the same topics later . . ." Mot. at 8:5-6. However, it argues, incorrectly, that the deposition cannot go forward at all because, in its view, Plaintiffs "seek[] the the [entity's] 'position' on matters in dispute, and not just what the [entity] knows." *Id.* at 8:7-8. That is no reason to quash the deposition, of course, and each case cited by the Department is one where the Rule 30(b)(6) deposition did go forward, and the Court later ruled on what preclusive effect it had. To whatever extent the Department refuses to prepare its witness to testify to relevant facts, the Court may entertain a motion from Plaintiffs to preclude later evidence. If the Court, faced with such a Motion, concludes that the questions sought opinions or positions, it can decline to exclude. But

Opposition to Motion for PO - 3
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

the possibility that such a question might be asked, and a motion made and later denied, is no basis for blocking discovery on relevant topics.

### 2. The Notice Does Not Seek Expert Testimony.

The Department characterizes the Notice as "essentially seek[ing] expert testimony on various characteristics of assault rifles, with specific reference to a wide body of complex Second Amendment jurisprudence . . ." Mot. at 5:23-24.[2] The Notice seeks no such thing. It directs the Department to prepare and present a fact witness, ready to testify to the Department's knowledge of relevant facts that bear on the Constitutionality (or lack thereof) of the challenged statutes. Those facts will bear on relevant law, which means that they are actually relevant. If they did not bear on the relevant law, then they would not be subject to discovery under Rule 26. But they are relevant, a concession the Department has already made.

### 3. The Deposition Does In Fact Seek To Pin Down The Department On Its Litigation Positions; It Is Not "Premature."

The Department complains that the Notice "seems to be an attempt to ***unfairly*** pin the agency down on positions about which it would not be expected to have knowledge apart from defending this case." Mot at 6:5-7 (emphasis added). Strike the word "unfairly" and the Department is exactly correct. But this is not unfair. It is the precise purpose of the Federal Rules of Civil Procedure which were designed to prevent "trial by ambush." *Anderson v. Anderson*, 2019 WL 2450609, at *1 (W.D. Wash. 2019). Plaintiffs are entitled to know what the Department knows. If the Department has declined to inform itself, Plaintiffs are entitled to call attention to the Department's current state of knowledge. As noted above, whether a preclusion motion might ever be presented, and whether or not it might succeed, have no bearing on the Department's obligation to present a witness to testify to these relevant topics. The Department's complaint that "Plaintiffs seek premature speculation about litigating positions in a manner that implicates work product protections," Mot at 6:16-17, is similarly misplaced. A deposition scheduled to take place after the

---

[2] The Notice does not seek any testimony regarding "assault rifles," a phrase used repeatedly by the Department but not used in the Notice or in the statute, which has a specific definition of the term "semi-automatic assault rifle."

Opposition to Motion for PO - 4
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Rule 26(f) conference and before the close of discovery is not "premature." All discovery is aimed, to some degree, at learning the opponent's litigating positions. "The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's 'position' on the topic." *United States v. Taylor*, 166 F.R.D. 356, 361-62 (M.D.N.C. 1996). And "implicating" work product protections does not offer a basis to preclude a witness sitting down to be deposed. *See, e.g.*, *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320 (M.D. Fla. 2011) (reversing order quashing 30(b)(6) deposition of SEC). In *Kramer*, the SEC objected that only commission counsel had worked on the case, so that any deposition would not merely implicate, but "would necessarily intrude upon the work product and deliberative process privileges." *Id.* at 1328. Noting the ability of a witness to refuse to answer a specific question that reached too far during the deposition, the District Court reversed a Magistrate's order quashing the notice: "Permitting the Commission in this instance to assert a blanket claim of privilege in response to a Rule 30(b)(6) notice creates an unworkable circumstance in which a defendant loses a primary means of discovery without a meaningful review of his opponent's claim of privilege." *Id.*

It is also no objection that the deposition goes beyond strictly factual inquiries: "the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. . . The corporation must provide its interpretation of documents and events. . . The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition." *Taylor*, 166 F.R.D. at 361 (internal citations omitted).

### 4. "Localized Facts" Are At Issue.

Before it begins its misleading discourse on how "legislative facts" are not subject to the Federal Rules of Civil Procedure governing discovery, the Department gives the game away once more. It states:

> At this time, Director Berntsen does not anticipate relying on facts obtained or developed from within DOL at all. That is so because, absent any issue of "localized" facts, it is more typical in Second Amendment cases for the parties to rely upon case law, statutory interpretation, and legislative facts ascertainable to all parties, such as statistics maintained by the federal government and social science.

Opposition to Motion for PO - 5
No. 3:19-cv-05106-RBL

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Mot. at 6:26-7:4. The Department does not get to decide, by seeking a protective order, that there are no issues of "localized facts." The Notice seeks testimony regarding "localized facts." The Notice seeks specific facts regarding the prevalence and use of the banned firearms in Washington, as well as the behavior of the owners of those firearms. Those localized facts are relevant, as the Department concedes. They are at issue, because Plaintiffs intend to argue their case based on those facts. The Department cannot refuse to testify to them simply because it prefers to present other evidence.

**5.     "Legislative Facts" Are Not Excused From Discovery.**

The Department asserts that it need not produce or testify to any facts Plaintiffs seek because all facts it considers relevant to the litigation are "legislative facts." For this principle, it cites the Advisory Committee Note to Fed. R. Evid. 201.[3] But that rule, and accompanying note, address whether a particular fact is or is not subject to that specific Rule's strictures for a court to take judicial notice of the fact—the prerogatives of the judiciary, not the discovery obligations of the parties. The Note does not offer any support for the Department's claim that "[s]uch facts are not subject to party discovery . . ." Mot. at 8:4. In fact, the Department (and intervenors) must produce relevant, responsive, non-privileged documents in their possession, custody, and control, whether those documents are internally generated or are social science studies procured by the party. *See* Fed. R. Civ. P. 34(a)(1)(A) (requiring production of "any designated documents"). They must answer interrogatories, even if the knowledge on which the answer is based comes from an FBI report. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)"). Not a single case cited by the Department (or Intervenors) stands for the proposition that any defendant may refuse to produce documents simply because the document in its possession is a social science study, sourced from another government,

---

[3] Intervenors agree with this position, asserting that "Plaintiffs' attempts to take discovery on legislative facts reflects a fundamental misunderstanding of constitutional litigation." Response, 3:21-22. They cite no case for the principle that constitutional litigation is immune from any of the Federal Rules of Civil Procedure.

Opposition to Motion for PO - 6
No. 3:19-cv-05106-RBL

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Case 3:19-cv-05106-RBL   Document 58   Filed 10/30/19   Page 10 of 16

available in the public domain, or is some other form of "legislative fact."[4] No case holds that the Department can decline to answer interrogatories because they ask for contentions as to the application of fact to constitutional law. No case holds that the Department can refuse to produce a witness to testify to facts simply because the Department itself currently thinks it will not attempt to introduce those facts into evidence. While the Department is free to prepare its defense in any way it chooses, including its apparent preference for relying on "case law, statutory interpretation, and legislative facts ascertainable to all parties, such as statistics maintained by the federal government and social science," Mot. at 7:2-4, it cannot unilaterally decide that Plaintiffs must litigate their challenge in the same manner. And in any event, there is no support cited—none— for the proposition on which both the Department and Intervenors base their non-compliance with discovery: that "legislative facts that are not subject to the rules of evidence and are not subject to party discovery." Mot. at 6:25-26. This is, quite simply, not true.

The Department concludes that "[i]t is neither fair nor efficient to require a state agency that has no expertise on the topic at hand to educate itself on a complex set of issues for the purposes of defending itself in litigation." Mot. at 8:15-17. The state agency charged with enforcing a statute that Plaintiffs allege is unconstitutional must, unsurprisingly, educate itself on the statute, both to justify its continuing enforcement, and to defend the constitutionality of the law. This is neither unfair nor inefficient. It is the basic requirement of the law.

**B.    The Notice Seeks Facts, Not Legal Opinions Or Work Product.**

The Department seeks to preclude the deposition because of the definitions section in the Notice. Of course, it does not explain to the Court the history of its discovery objections that led to the inclusion of a "definitions" section for such simple English words and phrases as "common use," "law-abiding," and "lawful purpose." Nor did it ever once proffer its own definition of those

---

[4] Intervenors cite *Wiesmueller v. Kosobucki*, 547 F.3d 740 (7th Cir. 2008), for the proposition that responsive documents in their possession are not subject to production because they are "legislative facts." In that case, Judge Posner's chambers opinion construed Seventh Circuit Rule 28(c) in denying a motion to strike 14 pages of the fact section of a motion that discussed the law governing admission to the bar as opposed to specific facts of the litigation which concerned waiving the bar exam for candidates from Wisconsin law schools. It is irrelevant to the point of Intervenors and the Department.

Opposition to Motion for PO - 7
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

words and phrases, nor did it seek to simply strike the definitions and proceed with the deposition. No: the Department's position on those words is "heads, I win; tails you lose."

Plaintiffs have asked the Department for documents, for contentions, and for admissions as to whether or not the banned rifles are in common use by law-abiding citizens for lawful purposes. When Plaintiffs used these common words and phrases without offering a definition, the Department objected. *See* Ard Decl. Exh. A at 6. When Plaintiffs defined the words with reference to the relevant Supreme Court opinion, the Department objected again. To this Court, it objects that the definition renders all testimony "legal opinion." In response to RFAs, it objected that even with a definition, the terms are "vague and ambiguous" because "[c]ontrary to Plaintiffs' proposed definition, *District of Columbia v. Heller*, 554 U.S. 570 (2008), does not comprehensively define the term." *See* Ard Decl. Exh. B at 2-3.

Enough. Plainly, a deposition will have to open with discussion of the relevant lexicon, to ensure that the record is clear on what the Department knows and doesn't know about the meaning of these simple English words. But the Department cannot prevent a deposition from going forward by bandying frivolous objections citing its own incomprehension of the English language.

The Department broadens its objection beyond the mere use of a definition which is intended to ensure that the witness and counsel have a mutual, shared understanding of words:

> Plaintiffs may contend that the eight topics are in fact intended to elicit "facts." For example, viewed in isolation, Topic 1—"[t]he extent to which SAR are in common use in Washington"—has a factual predicate. But viewed in context, that topic is plainly designed to elicit a legal conclusion—as are all the other topics. Plaintiffs cannot plausibly argue that the purpose of such questions is for a general state licensing and record-keeping agency to educate a group of Plaintiffs—including gun rights and advocacy organizations—on the facts concerning assault rifles and their users.

Mot. at 10:3-9. Plaintiffs do actually contend that the eight topics are intended to elicit just plain facts, not scare quote "facts." All the topics, whether viewed in isolation or in any other way, have a factual predicate. And that factual predicate is what Plaintiffs are allowed to explore with the Department's designated witness.

The Department argues that "in context, that topic is plainly designed to elicit a legal conclusion . . ." Why so? Because, it says "Plaintiffs cannot plausibly argue that the purpose of

Opposition to Motion for PO - 8
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

such questions is for a general state licensing and record-keeping agency to educate a group of Plaintiffs—including gun rights and advocacy organizations—on the facts concerning assault rifles and their users." No, Plaintiffs absolutely do not argue that.[5] Indeed, if the purpose of the questions was self-education, they would be improper. Instead, the purpose is for Plaintiffs to learn, and the Department to disclose, the relevant facts underlying the Department's defense of the challenged statutes. Neither this nor any other civil discovery occurs for the purpose of "educating a group of Plaintiffs." Discovery is for discovering facts, documents, witnesses, and legal theories of a party-opponent. "The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." Rule 26 Advisory Committee notes on 1946 amendments; *accord In Re National Western Life Ins. Deferred Annuities Litigation*, 2011 WL 1304587, at *4 (S.D. Cal. 2011). That purpose is served by the Department's witness answering relevant questions.

The Department continues its objection by asserting that "[p]lainly, the purpose of the deposition would be to seek to have a lay witness opine on supposed 'facts' that specifically underlie legal conclusions." Mot. at 10:13-15. Its argument and case cites are entirely misplaced.

But first, it is vital to note that once again, the Department is playing "heads I win, tails you lose." It cites *Fidelity Management & Research Co. v. Actuate Corp.*, 275 F.R.D. 63 (D. Mass. 2011) in support of its proposed protective order. But in that case, the Court noted particularly that "it is not clear that a 30(b)(6) deposition is the best method for obtaining the information. Rather, it can be argued that contention interrogatories are a better vehicle." Of course, here, Plaintiffs tried contention interrogatories first. The Department's response was no better than its Motion: Plaintiffs are not entitled to discovery. *See* Ard Decl. Exh. A at 6. Similarly, the Court in *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) blocked a Rule 30(b)(6) deposition on topics it held were not only factually irrelevant, they also sought exclusively legal

---

[5] As noted above, not one of the topics has anything to do with "assault rifles." The topics solicit facts concerning "SAR," where "[t]he term 'SAR' has the meaning of RCW 9.41.010(26)." That statute defines the term "semi-automatic assault rifle."

Opposition to Motion for PO - 9
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

conclusions, and conclusions as to which "plaintiff never sought permission of the Court to propound a contention interrogatory . . ." *Id.* at 363.[6]

The mere fact that the Department has refused to respond to contention interrogatories is alone sufficient under these cases to allow the Rule 30(b)(6) deposition to go forward. Contrary to the Department's contention, the topics in the Notice are not "window dressing" that seek "to commit the lay witness to a legal conclusion as to what level of protection assault rifles should receive under *Heller* and its progeny." Mot. at 10. Again, as discussed above, the Definitions section of the Notice exists solely because the Department claims not to understand the words "common use," "lawful purpose," and "law-abiding citizen" absent a definition. The definitions were given with specific reference to *Heller* exclusively to prevent additional game-playing by the Department as to the appropriateness or relevance of the definition. Thus, the Department's claim that "Plaintiffs reveal the primarily legal thrust of the deposition topics by including a 'Definitions' section that would require the deponent to parse six of the proposed topics in reference to the Supreme Court's *Heller* decision . . .", Mot. at 10, should be ignored. If the Definitions are struck, the Department will refuse to answer based on incomprehension. If they remain, the Department will refuse to answer on the grounds of work product or legal opinion. If they are re-written, the deposition will consume hours of debate on what the meaning of the word "is" is.

Nor does the Notice "seek to commit the lay witness to a legal conclusion." Mot. at 10. Of course, legal ramifications may follow from the facts known to the Department. The Supreme Court has held that the State may not impose restrictions on weapons that are in common use for lawful purposes by law abiding citizens. But testifying to the facts regarding those topics does not require the witness to commit to a legal conclusion. It must only commit to the facts to which the witness testifies. This Court will make what it will of the legal ramifications of that testimony. To whatever extent the facts sought in the Rule 30(b)(6) topics underlie the Department's legal

---

[6] The Department also relies on *ANZ Advanced Technologies, LLC v. Bush Hog, LLC*, 2010 WL 11575130 (S.D. Ala. 2010). The Court in that case never identifies which topics "must be interpreted as seeking either defendants' legal conclusions or the facts specifically underlying those legal conclusions." *Id.* at *6. Without knowing what topics were objectionable, Plaintiffs find the case uninformative as to the current notice.

Opposition to Motion for PO - 10
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

conclusions, the Department cannot shield the facts simply because it may or may not have reached a legal conclusion.

Thus, for example, in *Kramer*, a recent case dealing with Rule 30(b)(6) notices to the SEC, the agency sought to preclude a the deposition

> because Commission counsel lacked "independent knowledge" of the facts and because only Commission counsel worked on the case, [therefore] a deposition of the Commission would necessarily intrude upon the work product and deliberative process privileges. Kramer, however, sought to discover only the facts underlying the claim against him and not the mental impressions of Commission counsel. Rule 30(b)(6) contains no requirement that Kramer first seek by other means of discovery the facts underlying the claim against him. Under Rule 30(b)(6), the Commission could designate any person (*i.e.*, someone other than counsel) to depose in response to Kramer's request. To the extent that Kramer's subsequent examination sought either the work product or mental impression of Commission counsel, the Commission's designated deponent retained the right to refuse to answer on the basis of privilege. Permitting the Commission in this instance to assert a blanket claim of privilege in response to a Rule 30(b)(6) notice creates an unworkable circumstance in which a defendant loses a primary means of discovery without a meaningful review of his opponent's claim of privilege.

*Kramer*, 778 F. Supp. 2d at 1328.[7] This is plainly the result sought by the Department: no discovery, no facts, no information should change hands until the summary judgment briefs are filed. To this end, the Department asserts that "the agency will not be able to address the noticed topics absent specific legal counsel and advice." True. But that does not shield facts from discovery. *UMG Recordings, Inc. v. Grande Communications Networks, LLC*, 2018 WL 4627276 (W.D. Tex. 2018) cited by the Department, closed off questions as to two specific topics that sought specific opinions on federal law. These topics seek facts. It is no basis for objection that counsel are involved in preparing witnesses or identifying facts. "[T]he attorney-client privilege does not protect facts communicated to an attorney. Moreover, clients cannot refuse to disclose facts which their attorneys conveyed to them and which the attorneys obtained from independent sources. When a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to corporate knowledge,

---

[7] *Kramer* expressly distinguished *Buntrock*, cited by the Department as follows: "In some cases, however, the Commission has successfully avoided a Rule 30(b)(6) deposition based on the work-product privilege, to the extent that the Commission ***otherwise produces the documents and information*** collected in the Commission's investigation and to the extent that the opposing party may obtain additional, non-privileged information by other, less intrusive means." *Kramer*, 778 F. Supp. 2d at 1327. Here, of course, no other available means of discovery has prevailed upon the Department to produce documents.

Opposition to Motion for PO - 11
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

the employee must provide responsive underlying factual information even though such information was transmitted through or from corporate lawyers." *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 529 (D. Kan. 2006) (footnotes omitted).

### III. Conclusion

The Department has failed to meet its burden of showing that the discovery requested by Plaintiffs is unduly burdensome, seeks only legal opinions, or is otherwise improper. The scheduled Rule 30(b)(6) deposition will allow the Plaintiffs to learn the Department's knowledge of, and position regarding, important factual issues critical to the Plaintiffs' theory of the case. The Motion for Protective Order should be denied.

October 30, 2019.

Ard Law Group PLLC

By: _____
Joel B. Ard, WSBA # 40104
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243
Attorneys for Plaintiffs

Albrecht Law PLLC

By: _____
Matthew C. Albrecht, WSBA #36801
David K. DeWolf, WSBA #10875
421 W. Riverside Ave., Ste. 614
Spokane, WA 99201
(509) 495-1246
Attorneys for Plaintiffs

Opposition to Motion for PO - 12
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

# Certificate Of Service

I certify under penalty of perjury under the laws of the United States of America that on October 30, 2019, I filed the foregoing, together with the supporting Declaration of Joel Ard, with the Court's CM/ECF system, which will give notice to all parties and counsel of record.

Ard Law Group PLLC

By _/s/ Joel B. Ard_

Joel B. Ard, WSBA # 40104
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243
Joel@Ard.law

Attorneys for Plaintiffs

Certificate Of Service
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243