1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Honorable Ronald B. Leighton

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

DANIEL MITCHELL, *et al.*,

                                                    *Plaintiffs*,

v.

CHARLES ATKINS, in his official capacity as
the Sheriff of Clark County, *et al.*,

                                                    *Defendants*,

        and

SAFE SCHOOLS SAFE COMMUNITIES,

                                                    *Intervenor-*
                                                    *Defendant.*

NO. 3:19-cv-5106

DEFENDANT
TERESA BERNTSEN'S REPLY
IN SUPPORT OF HER
MOTION FOR PROTECTIVE
ORDER

DEFENDANT TERESA BERNTSEN'S
REPLY ISO MOTION FOR
PROTECTIVE ORDER
CAUSE NO. 3:19-CV-5106

ATTORNEY GENERAL OF WASHINGTON
800 5th Ave. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I.    INTRODUCTION

Plaintiffs' Opposition makes clear that they seek for Director Berntsen to designate a representative from the Department of Licensing (DOL) to testify as a cross between a *de facto* firearms expert and a pseudo-lawyer defending the Director's legal positions. An agency is not required to develop internal expertise in, as Plaintiffs' proposed deposition would require, "the prevalence and use of . . . banned firearms in Washington," "the behavior of the owners or those firearms," Dkt. 58 at 9, or the state interests underlying citizen-led initiatives. Nor is DOL required to disclose its attorneys' legal opinions or the legislative facts underlying them. For those reasons, a protective order is necessary to quash a burdensome and improper deposition.

## II.    ARGUMENT IN REPLY

### A.    The Director Is Not Required to Designate a Representative on Topics Unrelated to DOL's Organizational Mission and of Which It Has No Knowledge

DOL's limited role with respect to semiautomatic assault rifles (SARs or assault rifles) is to process records of their purchase or sale. Plaintiffs evidently believe that this narrow recordkeeping responsibility requires DOL not only "educate itself on the statute" sufficient to do its job, but also "to justify its continuing enforcement, and to defend the constitutionality of the law." Dkt. 58 at 10. Plaintiffs are mistaken. DOL is responsible for enforcing I-1639's recordkeeping requirements; the Attorney General is responsible for defending the law. *See* RCW 43.10.040. A state agency must educate itself sufficiently to enforce the statute, which here means knowing the relevant recordkeeping and licensing requirements. Dkt. 55, ¶¶ 5, 8. DOL has done so, and Plaintiffs have not sought any discovery concerning those requirements.

An agency is certainly not expected in discovery to craft purely legal arguments and marshal legislative facts to support them, and Plaintiffs cite no authority to the contrary. Plaintiffs also incorrectly suggest that the Director has not cited cases where courts precluded Rule 30(b)(6) depositions seeking testimony on matters not "known or reasonably available to the organization." *See, e.g.*, *CRST Expedited, Inc. v. Swift Transp. Co. of Ariz.*, No. 17-CV-25-CJW-KEM, 2019 WL 2714508, at *4 (N.D. Iowa Mar. 6, 2019) (granting motion for protective order

DEFENDANT TERESA BERNTSEN'S
REPLY ISO MOTION FOR
PROTECTIVE ORDER
CAUSE NO. 3:19-CV-5106

1

ATTORNEY GENERAL OF WASHINGTON
800 5th Ave. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    as to Rule 30(b)(6) topic); *St. Jude Med., Inc. v. Access Closure*, Inc., No. 08-CV-4101, 2010 WL

2    11484395, at *1 (W.D. Ark. Oct. 12, 2010) (denying in part motion to compel Rule 30(b)(6)

3    deposition testimony regarding subjects outside entity's knowledge and which it thus had "no

4    obligation to designate a corporate witness" to address). A protective order quashing the

5    deposition notice is warranted here for the same reason that it seeks testimony on subjects that are

6    simply not "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Because

7    Plaintiffs' proposed topics are outside DOL's realm of knowledge, the agency's "obligations

8    under Rule 30(b)(6) obviously cease," including the obligation to participate in a deposition on

9    those topics. *See, e.g.*, *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 76 (D. Neb. 1995).

10        That the information sought is both unknown and unavailable to DOL is clear from

11   Plaintiffs' own description of the testimony they hope to elicit. They demand that DOL designate

12   a witness "prepared to testify" regarding (i) "the number of Washington residents who own

13   firearms subject to the bans," (ii) "what crimes have been committed by those owners" (iii) "non-

14   criminal uses of the firearms," and (iv) "any facts the Department has supporting a contention that

15   the banned firearms are most useful for military service." Dkt. 58 at 5. Though such facts

16   indisputably fall far outside DOL's mission and no one within it has relevant knowledge of such

17   facts, Plaintiffs contend that they are entitled to have a DOL representative educate herself on the

18   topics, simply because Plaintiffs consider them important to the case. Moreover, if DOL fails to

19   "make [an] investigation" into matters outside its expertise, Plaintiffs claim it would invite

20   exclusion of any such evidence later in the case, even if in the form of legislative facts or expert

21   testimony. *See* Dkt. 58 at 6. Thus, while Plaintiffs argue that the agency "cannot unilaterally

22   decide that Plaintiffs must litigate their challenge in the same manner," it is in fact the other way

23   around: Plaintiffs seek to force the agency to become an expert in facts that Plaintiffs believe

24   necessary to prove their case. *See* Dkt. 58 at 10. While Plaintiffs are free to present evidence on

25   those issues, the Rule 30(b)(6) device does not permit them to compel DOL to act as their research

26   assistant on subjects outside the agency's knowledge and far afield from its expertise.

DEFENDANT TERESA BERNTSEN'S
REPLY ISO MOTION FOR
PROTECTIVE ORDER
CAUSE NO. 3:19-CV-5106

2

ATTORNEY GENERAL OF WASHINGTON
800 5th Ave. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    To be clear, if DOL had information on the proposed subjects, the Director agrees it would

2    be discoverable. *See* Mot. at 9. But, as explained in the Motion, DOL has no such information.

3    Mot. at 6–7. While DOL may rely on other materials common in litigation, such as legislative

4    facts and expert testimony, there is nothing nefarious in the Director stating that DOL lacks

5    relevant adjudicative facts, while acknowledging that this could conceivably change. *See* Dkt. 58

6    at 5. The Director made a good faith inquiry into whether DOL has or could reasonably obtain

7    the information sought in the Rule 30(b)(6) deposition notice, and determined conclusively that

8    it does not. That should be the end of the matter under the plain language of the rule.

9    **B.      The Deposition Notice Improperly Seeks Lay Testimony on Legal Conclusions**

10   Plaintiffs deny that the deposition topics call for legal conclusions, Dkt. 58 at 10, but the

11   Notice itself belies their position. Each of the first five topics directly quotes from legal concepts

12   articulated in *District of Columbia v. Heller*, 554 U.S. 570 (2008). *Compare* Dkt. 54, Ex. C

13   (seeking testimony on whether assault rifles are (1) "in common use," (2) "typically possessed by

14   law-abiding citizens," (3) "used for lawful purposes," (4) "dangerous and unusual," and (5) "most

15   useful in military service"), *with Heller*, 554 U.S. at 624–27 (discussing same concepts). The

16   deposition topics' legal thrust is further evident from Plaintiffs' admission that DOL cannot

17   address them without legal counsel and advice. Dkt. 58 at 14. In the parties' Rule 26(c)(1)

18   conference, Plaintiffs' counsel even suggested that the Director appoint outside counsel as DOL's

19   designee to defend the agency's legal positions. Second Decl. of Zachary P. Jones in Support of

20   Mot. for Protective Order (2d Jones Decl.) ¶ 4. Plaintiffs appear to envision their proposed Rule

21   30(b)(6) deposition as a sort of oral argument by proxy, in which defense counsel briefs an agency

22   representative on legal concepts and legislative facts, which the representative would then attempt

23   to regurgitate in sworn testimony. Such arguments are matters for attorneys, not witnesses, and

24   their place is at a summary judgment hearing, not a Rule 30(b)(6) deposition.

25   None of the cases on which Plaintiffs rely suggest otherwise. Plaintiffs' out-of-context

26   quotation of *United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996), is misleading: the case

DEFENDANT TERESA BERNTSEN'S
REPLY ISO MOTION FOR
PROTECTIVE ORDER
CAUSE NO. 3:19-CV-5106

3

ATTORNEY GENERAL OF WASHINGTON
800 5th Ave. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

does not stand for the proposition that entities must testify about their "position" on questions of law; rather, "[t]he corporation must provide its interpretation of documents and events" *within its knowledge*. Here, Plaintiffs' topics do not seek the agency's "subjective beliefs and opinions" about facts within its knowledge. *See id.* at 361. And, to the extent Plaintiffs are entitled to learn Defendants' "contentions" regarding legal positions, they have already received this information: DOL denied each of Plaintiffs' Requests for Admission, which track the deposition topics, except for Request No. 3, which it admitted in part and denied in part. Dkt. 58-1, Ex. B.

Plaintiffs' other cases are inapposite. In *Spring Communications Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524 (D. Kan. 2006), the deposition sought information about a patent that was originally within the knowledge of the corporation as a whole: indeed, it was within the knowledge of a non-attorney employee, but that employee died. *Id.* at 526, 529. Likewise, *SEC v. Kramer*, 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011), is off point because the facts sought there were adjudicative in nature. Here, as explained below, *infra* section II.C, the deposition notice is directed toward discovery of legislative facts. In the normal course of constitutional litigation, such legislative facts are gathered by attorneys in the same way as case law to forward their arguments. Accordingly, they are protected by the work product doctrine, which applies to facts that "inherently reveal the attorney's mental impressions." *See, e.g.*, *Onwuka v. Fed. Express Corp.*, 178 F.R.D. 508, 513 (D. Minn. 1997). Plaintiffs are not entitled to such protected information, whether by Rule 30(b)(6) deposition or otherwise.

## C.   Legislative Facts Are Not a Proper Subject of Discovery

Plaintiffs misconstrue Defendants' arguments on legislative facts. It is not that Defendants believe the Civil Rules and adjudicative fact discovery do not apply to this case. But Plaintiffs are incorrect that such fact discovery should extend to the legislative facts that Defendants' attorneys have researched to support their eventual legal arguments. Plaintiffs cite no case in support of their position and ignore the majority of Defendants' contrary authority.

DEFENDANT TERESA BERNTSEN'S
REPLY ISO MOTION FOR
PROTECTIVE ORDER
CAUSE NO. 3:19-CV-5106

4

ATTORNEY GENERAL OF WASHINGTON
800 5th Ave. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

This case is a constitutional challenge to a law enacted through the initiative process. The legal analysis will involve assessing the public interests the law advances and competing constitutional rights, if any, at play. In the initiative context, there are no hearings or legislative record that leads up to the people's decision to pass the law. Thus, unlike normal two-party litigation, there is no single body of case-specific facts that will determine the constitutionality of I-1639. Accordingly, Defendants plan to defend the law by relying on publicly available material that their attorneys have gathered and analyzed, such as crime statistics maintained by the federal government and articles published in academic journals. This material, like all legislative facts used to defend the constitutionality of laws, is not in one party's specific knowledge as the facts of a case, but rather is publicly available and of general provenance and application. *See* Fed. R. Evid. 201(a), advisory committee's note.

Plaintiffs' failure to appreciate this distinction underlies their unavailing objections to the Motion. First, Plaintiffs are wrong that the rules of evidence apply to legislative facts. Courts have unequivocally and repeatedly held otherwise. *See, e.g.*, *Wiesmueller v. Kosobucki*, 547 F.3d 740, 742 (7th Cir. 2008) ("legislative facts . . . lie outside the domain of rules of evidence");[1] Dkt. 56 at 4–6. Second, Plaintiffs' related contention that the rules of procedure apply to legislative facts was considered and rejected by the Southern District of New York in *Windsor v. United States*. 833 F. Supp. 2d 394 (S.D.N.Y. 2012), *aff'd*, 570 U.S. 744 (2013). In *Windsor*, the plaintiff argued that the intervenor-defendant's citation to legislative facts, including "articles and book excerpts," was improper because such material must be disclosed under the Federal Rules of Civil Procedure. Dkt. 57 at 14-15 (Ex. D). The intervenor-defendant responded that the challenged materials "go to issues of legislative fact, and thus are not subject to the evidentiary and procedural rules." *Id.* at 9. The District Court agreed and denied the plaintiff's motion. *Id.*, Ex. F; *see also Charlton Mem'l Hosp. v. Sullivan*, 816 F. Supp. 50, 53 (D. Mass. 1993) ("Rules

---

[1] Plaintiffs are incorrect that *Wiesmueller* has no application here. In that case, plaintiffs moved to strike the fact section of a brief because it cited to "policies of other states relating to qualifications to practice law, accounts of the history of qualifications for the bar, and data on bar exam results," and other legislative facts not present "in the record compiled in summary judgment or trial proceedings." 547 F.3d at 742. The court denied the request.

DEFENDANT TERESA BERNTSEN'S
REPLY ISO MOTION FOR
PROTECTIVE ORDER
CAUSE NO. 3:19-CV-5106

5

ATTORNEY GENERAL OF WASHINGTON
800 5th Ave. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

of evidence and procedure . . . may thus be inapplicable because they are designed for determining 'adjudicative' rather than 'premise' facts."). This makes sense. The civil discovery rules and evidence rules are complementary: discovery is designed to uncover particular adjudicative facts of a case for use as evidence at trial.

But "[l]egislative facts are quite different." Fed. R. Evid. 201(a), advisory committee's note. Contrary to Plaintiffs' suggestion, they are often raised by counsel for the first time in briefs (much like case law or statutes) or even *sua sponte* by the court, all without any prior notice or disclosure by the parties. *See id.*; Dkt. 56 at 5–6. If the rule were otherwise, then the constitutionality of laws could be decided by the ability of specific defendants to gather particular fact or expert testimony. *See, e.g.*, *Dunagin v. City of Oxford*, 718 F.2d 738, 748 n.8 (5th Cir. 1983) (plurality opinion) ("identical conduct [should not] be constitutionally protected in one jurisdiction and illegal in another" based on different expert testimony).[2]

Finally, Plaintiffs' own discovery responses contradict the assertion that they are interested in "localized" facts. The Director served various discovery requests on Plaintiffs seeking information in Plaintiffs' sole possession, including information on assault rifle sales made by the Dealer Plaintiffs. 2d Jones Decl., Exs A, B. Plaintiffs' responded to these "localized" discovery requests by objecting that they were "not relevant to any party's claim or defense" and refusing to provide responsive material. *E.g.*, *id.*, Ex. A at 4. Plaintiffs cannot assert such "localized" factual discovery is relevant only when it is directed at DOL.

## III.   CONCLUSION

For the foregoing reasons, the Director respectfully requests that the Court grant its motion for a protective order and quash the Rule 30(b)(6) deposition noticed by Plaintiffs.

---

[2] Plaintiffs are mistaken that Federal Rule of Evidence 201 has no bearing on disclosure obligations. As the 1972 advisory committee's note instructs, it is "inappropriate" to impose on legislative facts "any limitation in the form of indisputability, any formal requirements of notice other than those already inherent in affording opportunity to hear and be heard and exchanging briefs, and any requirement of formal findings at any level."

DEFENDANT TERESA BERNTSEN'S
REPLY ISO MOTION FOR
PROTECTIVE ORDER
CAUSE NO. 3:19-CV-5106

6

ATTORNEY GENERAL OF WASHINGTON
800 5th Ave. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1      RESPECTFULLY SUBMITTED this 1st day of November 2019.

2                    ROBERT W. FERGUSON
                    *Attorney General*

3

4                    NOAH G. PURCELL, WSBA No. 43492
                    *Solicitor General*

5                    *s/ Zachary P. Jones*

6                    JEFFREY T. EVEN, WSBA No. 20367
                    Deputy Solicitor General

7                     jeffrey.even@atg.wa.gov

8                    ZACHARY P. JONES, WSBA No. 44557
                   R. JULY SIMPSON, WSBA No. 45869

9                    BRENDAN SELBY, WSBA No. 55325
                    Assistant Attorneys General

10                   Complex Litigation Division
                    zach.jones@atg.wa.gov

11                   jsimpson@atg.wa.gov

12                    DIONNE PADILLA-HUDDLESTON, WSBA No. 38356

13                   Assistant Attorney General,
                    Licensing and Administrative Law Division

14

15                    Attorney General's Office
                    800 Fifth Ave., Ste. 2000, Seattle, WA 98104

16                   (206) 464-7676 Fax: (206) 464-2800
                    dionnep@atg.wa.gov; lalseaef@atg.wa.gov

17

18                    *Attorneys for Defendant Teresa Berntsen*

19

20

21

22

23

24

25

26

DEFENDANT TERESA BERNTSEN'S
REPLY ISO MOTION FOR
PROTECTIVE ORDER
CAUSE NO. 3:19-CV-5106

7

ATTORNEY GENERAL OF WASHINGTON
800 5th Ave. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

**CERTIFICATE OF SERVICE**

2   I hereby certify, under penalty of perjury under the laws of the United States, that on this

3 date I electronically mailed the foregoing document upon the following:

4 Matthew C. Albrecht       Salvatore J. Faggiano,
  David K. DeWolf        Assistant City Attorney
5 Albrecht Law PLLC       Office of the City Attorney
6 421 W. Riverside Ave, Ste. 614    808 W. Spokane Falls Blvd.
  Spokane, WA 99201       Spokane, WA 99201-3326
7 malbrecht@albrectlawfinn.com    sfaggiano@spokanecity.org
  david@albrechtlawfirm.com     *Attorney for Defendant Meidl,*
8                 *City of Spokane*

9
  Joel B. Ard          Nicholas W. Brown
10 Ard Law Group PLLC      Paul J. Lawrence
  P. O. Box 11633        Sarah S Washburn
11 Bainbridge Island, WA 98110    Gregory J. Wong
  joel@ard.law         Kai A. Smith
12   *Attorneys for Plaintiffs.*    Pacifica Law Group LLP
13              1191 Second Ave. Ste. 2000
  Leslie Lopez         Seattle, WA 98101-3404
14 Deputy Prosecuting Attorney    nicholas.brown@pacificalawgroup.com
  Clark County Prosecutor's Office   paul.lawrence@pacificalawgroup.com
15 Civil Division         sarah.washburn@pacificalawgroup.com
  P. O. Box 5000        greg.wong@pacificalawgroup.com
16 Vancouver, WA 98666-5000    kai.smith@pacificalawgroup.com
17 leslie.lopez@clark.wa.gov     *Attorneys for Intervenor Defendant,*
    *Attorney for Defendant Atkins,*   *Safe Schools Safe Communities*
18    *Clark County*        *(Campaign)*

19
    DATED this 1st day of November 2019, at Seattle, Washington.
20
21            *s/ Zachary P. Jones*
             ZACHARY P. JONES, WSBA # 44557
22             Assistant Attorney General

23

24

25

26

DEFENDANT TERESA BERNTSEN'S
REPLY ISO MOTION FOR
PROTECTIVE ORDER
CAUSE NO. 3:19-CV-5106

8