HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL MITCHELL, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CHARLES ATKINS, in his official capacity as the Sheriff of Clark County, et al.,<br><br>　　　　　Defendants,<br><br>　and<br><br>SAFE SCHOOLS SAFE COMMUNITIES,<br><br>　　　　　Intervenor-Defendant. | CASE NO. 3:19-cv-5106-RBL<br><br>ORDER ON MOTION FOR PROTECTIVE ORDER<br><br>DKT. # 53 |

THIS MATTER is before the Court on Defendant Teresa Berntsen's Motion for Protective Order. Dkt. # 53. This lawsuit involves a challenge to Washington's new law limiting the sale of self-loading rifles, which came into being after voters passed Initiative 1639. *See* RCW 9.41 et seq.

Plaintiffs have noted a Rule 30(b)(6) deposition of Berntsen in her capacity as Director of the Washington Department of Licensing. The notice identifies eight topics of inquiry: "(1) The

extent to which [semiautomatic assault rifles, or 'SAR,'] are in common use in Washington; (2) The extent to which SAR are typically possessed by law-abiding citizens in Washington; (3) The extent to which SAR are used for lawful purposes in Washington; (4) Whether SAR are dangerous and unusual; (5) Whether SAR are most useful in military service; (6) The effect of the ban on interstate sales of SAR contained in RCW 9.41.124; (7) Each state interest served by the ban on interstate sales of SAR codified at RCW 9.41.124; [and] (8) Each state interest served by the ban on certain purchases of SAR codified at RCW 9.41.240." Dkt. # 54, Ex. C.

Berntsen argues that the Court should grant a protective order because, after performing a reasonable inquiry, Berntsen has determined that DOL lacks knowledge as to all eight topics. Berntsen further argues that these topics are improper because they are designed to elicit information pertinent to specific legal standards used to evaluate the constitutionality of gun regulations and state laws generally. Finally, Berntsen contends that Plaintiffs' deposition topics seek exclusively legislative (rather than adjudicative) facts, which are outside the scope of the Federal Rules of Civil Procedure and Evidence.

Plaintiffs respond that, because Berntsen plans to eventually supply the court with facts on these topics to defend her legal position, she cannot seek a protective order just because she does not possess the information yet. Plaintiffs also assert that the mere fact that certain terms in the notice are defined with reference to legal precedent does not mean that the topics call for legal conclusions. Basically, Plaintiffs believe that Berntsen's request for a protective order is an attempt to stonewall and avoid disclosing the "documents, facts, and defense theories" that Berntsen will rely on in subsequent motions. Dkt. # 58 at 1.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ.

P. 26(b)(1). That said, a court may "limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," among other reasons. Fed. R. Civ. P. 26(b)(2)(C)(i).

Fed. R. Civ. P. 30(b)(6) permits parties to depose a government agency or other organization if they "describe with reasonable particularity the matters for examination." The agency must then designate a representative who "must testify about information known or reasonably available to the organization." Courts have interpreted this language to also carry an inverse implication—an organization has no obligation under Rule 30(b)(6) to testify as to matters it cannot reasonably gain knowledge of. *See Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 76 (D. Neb. 1995); *Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 81 (S.D.N.Y. 2019); *see also CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC*, No. 17-CV-25-CJW-KEM, 2019 WL 2714508, at *4 (N.D. Iowa Mar. 6, 2019) (company did not have to testify about individual driver profit data that it did not have records of); *Kollman v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 1:04-CV-3106-PA, 2015 WL 13665078, at *1 (D. Or. Jan. 7, 2015) (defendant insurance company did not have to testify about how it handled plaintiff's claim when reviewer for the claim had left the company and the claim file spoke for itself).

Courts have also generally held that questions seeking legal opinions from lay persons deposed under Rule 30(b)(6) are improper. *See Schyvincht v. Menard, Inc.*, No. 18 CV 50286, 2019 WL 3002961, at *2 (N.D. Ill. July 10, 2019); *Hanson v. Cty. of Kitsap, Wash.*, No. 13-5388 RJB, 2014 WL 549833, at *5 (W.D. Wash. Feb. 11, 2014). Instead, such questions are better suited to contention interrogatories. *See, e.g., 3M Co. v. Kanbar*, No. C06-01225 JW HRL, 2007

WL 1794936, at *2 (N.D. Cal. June 19, 2007) (relying on *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal.) (reversed on other grounds)). Contention interrogatories may ask for "an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). However, a court "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." *Id*.

The Court has no trouble concluding that all eight of Plaintiffs' 30(b)(6) deposition topics warrant a protective order. First, and most importantly, the topics seek to elicit information that DOL is not (and has no reason to be) knowledgeable about. With respect to assault rifles, DOL's organizational mission is limited to maintaining records on firearm dealer licenses and assault rifle purchases and transfers since July 1, 2019. Berntsen Decl., Dkt. # 55, at 2. DOL had no role in drafting or advocating for Initiative 1639 and does not defend the constitutionality of the laws it administers, much less gun laws specifically. *Id*. at 2-3. Berntsen has reasonably inquired with the relevant sections at DOL to determine if the agency has any knowledge of the broad topics mentioned in the notice and states that it does not. *Id*. at 3-5. The Court has no reason to doubt her and therefore no reason to allow this deposition to go forward under Rule 30(b)(6) and Rule 26(b)(2)(C)(i). Forcing an agency to embark on a research project to accommodate deposition topics that reach far beyond its mission would be inefficient and unfair.

Second, the deposition topics improperly seek legal opinions. Topics 1 through 6 are intended to elicit information demonstrating that Washington's law meets the criteria for constitutional gun regulation under *District of Columbia v. Heller*, 554 U.S. 570 (2008). Topics 7 and 8, meanwhile, seek information relevant to whether the challenged law would pass intermediate constitutional scrutiny. While the topics do not call directly for legal conclusions,

the facts requested would collectively amount to legal conclusions about what these constitutional standards require. *See 3M Co. v. Kanbar*, No. C06-01225 JW HRL, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007) ("[I]n these circumstances, topics containing the terms 'identical,' 'confusingly similar,' and 'blurring, dilution and tarnishment' are, in effect, seeking legal conclusions that should not form the basis for 30(b)(6) deposition topics."). Courts in this circuit have generally held that such topics are better addressed, if at all, through contention interrogatories. *See McCormick-Morgan*, 134 F.R.D. at 287 *and subsequent cases*.

      The question of if and when DOL may be required to answer interrogatories on these topics is not currently before the Court. However, the Court notes that the type of legislative facts Plaintiffs seek may not be proper objects of interrogatories or requests for production at all. Plaintiffs protest that they have already served contention interrogatories that were not adequately answered. *See* Dkt. # 58-1 at 6-7. The questions in Plaintiffs' interrogatories seek the same kinds of general information that is equally accessible to both parties. Ultimately, Plaintiffs believe they are entitled to discovery on whatever publicly-available documents DOL's counsel, the Washington Attorney General's Office, may rely on at summary judgment. The Court is not convinced that there is such an entitlement or, if there is, when it would become effective. In any case, that bridge need not be crossed today.

      For the above reasons, DOL's Motion for Protective Order is GRANTED.

      IT IS SO ORDERED.

      Dated this 22nd day of November, 2019.

                                                    Ronald B. Leighton
                                                    United States District Judge