UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL MITCHELL, ROBIN BALL, LUKE RETTMER, ARMEN TOOLOEE, NATHANIEL CASEY, MATTHEW WALD, SECOND AMENDMENT FOUNDATION, and NATIONAL RIFLE ASSOCIATION,<br><br>   *Plaintiffs*,<br><br>v.<br><br>CHUCK ATKINS, in his official capacity as the Sheriff of Clark County, Washington, CRAIG MEIDL, in his official capacity as the Chief of Police of Spokane, Washington, and TERESA BERNTSEN, in her official capacity as the Director of the Washington State Department of Licensing,<br><br>   *Defendants*. | The Honorable Ronald B. Leighton<br><br>No. 3:19-cv-05106-RBL<br><br>PLAINTIFFS' MOTION FOR PROTECTIVE ORDER QUASHING NOTICES OF DEPOSITIONS OF RETTMER, TOOLOEE, CASEY AND WALD,<br><br>NOTE FOR MOTION CALENDAR: JANUARY 24, 2020<br><br>ORAL ARGUMENT REQUESTED |

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER - i
No. 3:19-cv-05106-RBL

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

## I.  INTRODUCTION

This motion seeks a protective order quashing the deposition notices of Plaintiffs Wald, Tooloee, Casey, and Rettmer (the "Young Adults" or "Young Adult plaintiffs"). The Young Adults are 18- to 20-year-old plaintiffs who assert that their Second Amendment rights are abridged by RCW 9.41.010. When Plaintiffs sought to depose the Rule 30(b)(6) representative of the State, to ascertain the basis upon which the State disregarded the Plaintiffs' constitutional rights, the State sought and obtained a protective order, contending that the State had no discoverable evidence relevant to the questions posed, and that the merits of this case should be determined solely on the basis of "legislative facts."[1] Now the State seeks to depose the young adult plaintiffs on two topics: first, the standing of the Young Adults, and second, the "other allegations in the Complaint."[2] Standing was resolved by this Court's May 20, 2019 Order denying two other defendants' Motion to Dismiss. That Motion, not joined by Berntsen, asserted lack of standing by all plaintiffs. The Court concluded that at least the dealer plaintiffs have standing. Thus, regardless of whether the Young Adults also have standing, the merits of the case will require resolution by this Court, rendering the Young Adult's standing irrelevant to the practical needs of this case. Furthermore, the scant information—one question at most—needed to prove up the young adults' standing can be procured at far less burden and expense than four consecutive days of live oral testimony, testimony which cannot procure the best evidence of their respective ages in any event. With respect to examining them each, *seriatem*, about the "other allegations in the Complaint," the noticed depositions would seek primarily legal conclusions, and yield so little relevant evidence that it is far outweighed by the burden of these depositions. Consequently, this Court should issue a protective order quashing the deposition notices.

## II.  FACTS GIVING RISE TO THIS MOTION

The operative Deposition Notices of the Young Adult Plaintiffs were served on Plaintiffs' Counsel on December 20 and 23, replacing earlier notices that Berntsen withdrew during

---

[1] *See generally* Dkt No. 54, Berntsen's Motion for Protective Order.

[2] *See* Ard Decl. Exh. E.

Plaintiffs' Motion for Protective Order - 1
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

discussions about the scope and relevance. They are attached as Exhibits A–D to the Declaration of Joel Ard.

From the end of November through this week, by way of extensive emails and two telephonic meet and confers, counsel met and conferred concerning the Deposition Notices. That yielded no agreement as to the depositions. Berntsen proposes to examine the Young Adults as follows:

> Each plaintiff alleges that he is "unable to exercise his right under the Second Amendment . . . to purchase a [semiautomatic assault rifle]," and that he is "harmed by Washington's ban on [such] sales." *E.g.*, Compl. ¶¶ 66–67. We are entitled to probe the factual basis (if any) of these and other allegations in the Complaint, as well as the Young Adult Plaintiffs' standing to raise the legal claims pleaded therein.

*See* Ard. Decl. Exhibit E.

### III.   Argument

#### A.   Berntsen Does Not Seek Testimony Concerning Relevant Issues.

##### 1.   The Court Has Already Resolved Standing.

The Young Adults sought to purchase regulated firearms. Those purchases were denied by the dealers in compliance with the challenged law. When the local law enforcement defendants (**not** joined by Berntsen) sought to dismiss the Young Adults **and** the dealers for lack of standing, the Court denied that Motion. Evaluating the denied sales, the Court held that "[i]t is difficult to see how the Dealers could sustain a more concrete form of injury without actually violating the law, which they are not required to do. The standing and ripeness requirements have therefore been satisfied." Order on Motion to Dismiss, Dkt. No. 44, at 7:15-18.[3] Because the Court found standing due to the harm of foregone sales, the case will proceed to the merits even if the Young Adults lose standing due to aging and passing their respective 21st birthdays during the pendency of the litigation.

---

[3] Although the Motion challenged standing as to "plaintiffs," the Court found that it did not challenge the standing of the Young Adults. Docket #44, p. 5 n. 1. Nonetheless, it found that denied sales were sufficient harm to create standing for at least the dealer plaintiffs.

Plaintiffs' Motion for Protective Order - 2
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1    Even assuming, *arguendo*, that this Court's May 20 Order did not, by implication or
2    otherwise, dispose of the question of the standing of the Young Adults whose denied purchases are
3    the reciprocal of the dealers' lost sales, nothing in the proposed deposition would affect the analysis
4    of the Young Adults' standing. Secretary Berntsen claims that the deposition is necessary in order
5    to discover the "factual basis" for the claim that the allegation that the Young Adults were "unable
6    to exercise his right under the Second Amendment." Ard. Dec., Exhibit xqxqx. No party disputes
7    that the law being challenged forbids each Young Adult from purchasing newly regulated firearms.
8    Whether such a ban actually violates the Second Amendment is not a question of standing but
9    addresses the merits of the case.

   **2.    On Any Issue Other Than Standing, the Young Adults Have No Relevant Information**

12    In response to the Plaintiffs' Attempt to Schedule a Rule 30(b)(6) deposition of the
13    Department of Licensing, the State successfully argued that the merits of this case would be
14    decided on the basis of "legislative facts," and that it would be too burdensome to require the State
15    to acquire the information necessary to answer the questions posed by the Plaintiffs concerning the
16    firearms banned by I-1639. The Young Adult Plaintiffs have even less information that would
17    conceivably affect the outcome of this case, and Berntsen has made no attempt to explain what
18    "legislative facts" she proposes to elicit from them.

   **B.    Relevant Evidence, If Any, Can Be Procured At Far Less Expense.**

20    There is one arguably relevant piece of evidence that could be sought from the Young
21    Adults: each Young Adult's current age. When each Young Adult reaches 21, he is able to purchase
22    the firearm he was previously denied, and may lose standing if the Court (faced with a motion)
23    concluded that the cessation of past incurred harm was sufficient to eliminate present standing. Of
24    course, the past and ongoing harm the dealers suffer from not being able to sell to any 18- to 20-
25    year old would mean they will continue to have standing to challenge the restriction. And even if
26    the Young Adults could "age out" of standing, making their ages relevant, the proposed
27    depositions will not elicit the best evidence of those four facts. Berntsen, as the Director of the

Plaintiffs' Motion for Protective Order - 3
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1 Department of Licensing, issued each Young Adult his Washington driver's license, the
2 undoubted best evidence of age. Oral testimony will add nothing to the simple act of requesting
3 and reviewing a copy of that ID. Berntsen has never asked to see proof of any Young Adult's age.
4 Instead, the proposed depositions are the most expensive and time-consuming mode of discovery,
5 and one that would not even result in securing the best evidence of a potentially relevant fact.

6     The Federal Rules, particularly after the 2015 amendments, require discovery requests to
7 be evaluated with an eye to whether the burden of responding to the discovery requests outweighs
8 the likely contribution of such a response to resolving the merits of the claim. In particular, if the
9 party seeking information has available a lower cost means to obtain it, that party is required to use
10 that less burdensome method. Depositions have been recognized as a particularly expensive way
11 of obtaining information,[4] and are justified only where live testimony produces evidence
12 unavailable (or only available at greater cost) by other means.[5] For this reason, other similar
13 jurisdictions impose stringent limits on oral testimony.[6]  In lieu of such mandatory limits, the
14 Federal Rules, especially after the 2015 amendments, instead demand that the party seeking
15 discovery voluntarily ensure that the expense of discovery is balanced and proportional to the
16 needs of the case. In this case, four days of deposition testimony, requiring at least three attorneys
17 to commit four full work days, and each witness to lose one day, is by far the least efficient, most
18 expensive, most time consuming, and most burdensome means of acquiring whatever relevant
19 evidence Berntsen seeks.

---

[4] *See, e.g.*, Reagan Wm. Simpson, *Discovery Reform in the 1993 Amendments to the Federal Rules of Civil Procedure*, AMERICAN BAR ASSOCIATION BRIEF, Spring 1994 (depositions are "the most costly discovery device of all").

[5] *See, e.g.*, David Crump, *Goodbye, "Reasonably Calculated": You're Replaced by "Proportionality": Deciphering the New Federal Scope of Discovery*,  23 GEORGE MASON L. REV. 1093 (2016).

[6] *See, e.g.*, Ontario Rules of Civil Procedure 76.04 (maximum of three hours total of depositions in matters with under $200,000 at issue); British Columbia Supreme Court Civil Rules 7-2 (limit of a total of seven hours of depositions in, *i.a.*, cases involving hearings on a point of law).

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER - 4
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

### C. Querying The Factual Basis Of Other Allegations Will Examine The Young Adults For Legal Conclusions Or On Topics About Which They Lack Knowledge.

Berntsen also proposes, quite generically, to examine the Young Adults about "other allegations in the Complaint." Such an examination either proposes to examine them on topics about which they plainly lack knowledge—allegations about other plaintiffs— or calls for them to make legal conclusions, the very basis on which Berntsen sought and received an Order from this Court precluding a deposition of any representative of her office. Berntsen must agree: her Answer to the First Amended Complaint (Dkt. No. 26) asserts that the vast majority of the allegations of the FAC assert legal conclusions that required no response from her. Plainly, she cannot examine any plaintiff about an allegation that she herself told the Court asserts a legal conclusion that requires no response. The few exceptions are fact allegations which, other than the Young Adult's residence and age, allege facts about other plaintiffs. Of course the Young Adults cannot address fact allegations about other plaintiffs, so Berntsen apparently proposes to depose them on allegations that she herself asserts are legal conclusions. Berntsen cannot identify any question to ask a Young Adult about any fact allegation in the FAC that satisfies Rule 26's threshold: she must show **(a)** that it is relevant to this Court's decision on the merits of the Second Amendment challenge; **(b)** that a Young Adult would be expected to have personal knowledge of it; and most importantly **(c)** that an answer cannot be discovered by less burdensome means. She cannot show this as to any question she might ask of a Young Adult plaintiff.

### IV. Conclusion

Because Berntsen has not identified any topic on which the Young Adult Plaintiffs can give testimony helpful to the Court's resolution of the merits of this case, and cannot show that live oral deposition testimony is the most efficient means of acquiring that information if it exists, the notices of their depositions should be quashed.

///

///

///

Plaintiffs' Motion for Protective Order - 5
No. 3:19-cv-05106-RBL

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  January 10, 2019.

2                    Ard Law Group PLLC

3

4                    By: _____

                     Joel B. Ard, WSBA # 40104

5                    P.O. Box 11633

                     Bainbridge Island, WA 98110

6                    (206) 701-9243

7                    Attorneys for Plaintiffs

8                    Albrecht Law PLLC

9

10                   By: _____

                    Matthew C. Albrecht, WSBA #36801

11                   David K. DeWolf, WSBA #10875

12                   421 W. Riverside Ave., Ste. 614

                     Spokane, WA 99201

13                   (509) 495-1246

14                   Attorneys for Plaintiffs

Plaintiffs' Motion for Protective Order - 6
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

# Certificate Of Service

I certify under penalty of perjury under the laws of the United States of America that on January 10, 2019, I filed the foregoing with the Court's CM/ECF system, which will give notice to all parties and counsel of record.

Ard Law Group PLLC

By _____

Joel B. Ard, WSBA # 40104
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243
Joel@Ard.law

Attorneys for Plaintiffs

Certificate Of Service
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243