The Honorable Ronald B. Leighton

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| DANIEL MITCHELL, et al., | NO. 3:19-cv-5106 |
| Plaintiffs, | DEFENDANT TERESA BERNTSEN'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER QUASHING NOTICES OF DEPOSITIONS OF RETTMER, TOOLOEE, CASEY AND WALD |
| v. | |
| CHARLES ATKINS, et al., | |
| Defendants, | |
| and | |
| SAFE SCHOOLS SAFE COMMUNITIES, | |
| Intervenor-Defendant. | |

DEF. BERNTSEN'S OPP. TO PLFS.'
MOT. FOR PROTECTIVE ORDER
NO. 3:19-cv-5106

i

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................... 1

III. ARGUMENT IN OPPOSITION .......................................................................... 3

    A. Legal Standards ......................................................................................... 3

    B. Plaintiffs Fail to Establish "Good Cause" or "Extraordinary Circumstances" Sufficient to Bar the Young Adults' Depositions ....................................... 4

        1. The Director need not disclose the subjects of the Young Adults' depositions ...................................................................................... 5

        2. The Young Adults have information relevant to justiciability ........... 7

        3. The Young Adults have other relevant knowledge ............................ 9

        4. Depositions of the Young Adults need not be "the most efficient means" of obtaining relevant information .......................................................... 10

    C. The Motion Is Untimely ........................................................................... 11

IV. CONCLUSION ................................................................................................... 12

DEF. BERNTSEN'S OPP. TO PLFS.'  
MOT. FOR PROTECTIVE ORDER  
NO. 3:19-cv-5106

ii

ATTORNEY GENERAL OF WASHINGTON  
800 Fifth Avenue, Suite 2000  
Seattle, WA 98104-3188  
(206) 464-7744

## I.     INTRODUCTION

Plaintiffs' Motion for a Protective Order (the Motion), Dkt. #64, presents a simple question: must individual plaintiffs who willingly became parties to litigation, alleging personal burdens to their constitutional rights, sit for their own depositions? To completely bar a deposition, as Plaintiffs request, a party faces a "heavy burden" to establish "good cause" and "extraordinary circumstances" warranting an exemption from this basic discovery obligation. *Infra* at 3–4. Plaintiffs fail to cite that standard and fall far short of meeting it.

It is undisputed that (1) Plaintiffs Nathaniel Casey, Luke Rettmer, Armen Toolooe, and Matthew Wald (the Young Adults) have not yet been deposed in this matter; (2) that Washington Department of Licensing (DOL) Director Teresa Berntsen (the Director) served the Young Adults with timely, compliant written notices of deposition; and (3) that the Young Adults have information relevant to their claims or the Director's defenses. The Young Adults assert no special hardship that would make testifying by deposition uniquely burdensome. Yet days before the first deposition was scheduled to take place—and six weeks after first receiving notices of the Young Adults' depositions—Plaintiffs moved for a protective order to quash them. Because Plaintiffs have not established the necessary good cause and extraordinary circumstances, and because their Motion is untimely, it should be denied.

## II.     FACTUAL BACKGROUND

Plaintiffs have had notice of the Young Adults' depositions since before Thanksgiving of last year. The original deposition notices were served on November 26, 2019, with each Young Adult's deposition scheduled for the week of December 16. Declaration of Zach Jones in Support of Defendant Teresa Berntsen's Opposition to Plaintiffs' Motion for a Protective Order (Jones Decl.), Exs. A, B. For nearly two weeks, Plaintiffs voiced no objection to the Young Adults' depositions. It was not until the week before the scheduled depositions, when the Director's counsel reached out to confirm the Young Adults' attendance, that Plaintiffs' counsel noted that he had "some concerns." Jones Decl., Ex. D. Even then, counsel indicated that the

DEF. BERNTSEN'S OPP. TO PLS.'  
MOT. FOR PROTECTIVE ORDER  
NO. 3:19-cv-5106

1

ATTORNEY GENERAL OF WASHINGTON  
800 Fifth Avenue, Suite 2000  
Seattle, WA 98104-3188  
(206) 464-7744

parties "perhaps . . . can resolve [his concerns] with a call" later in the week. *Id.* The Director struck the original deposition notices due to a loss in her lead counsel's family, but amended notices were promptly reissued, with the new deposition dates set for January 15, 16, 17, and 18, 2020. Jones Decl. ¶¶ 6, 10, Ex. F.

When the parties met and conferred regarding the "concerns" of Plaintiffs' counsel, he took the position that the Young Adults' depositions were "completely objectionable." Jones Decl. ¶ 8, Ex. H; Declaration of Jeff Even in Support of Defendant Teresa Berntsen's Opposition to Plaintiffs' Motion for a Protective Order (Even Decl.) ¶ 3. Plaintiffs' counsel stated two objections. First, counsel believed the Court's Order quashing the notice of Plaintiffs' Rule 30(b)(6) deposition of DOL precluded depositions of the Young Adults because they did not have knowledge of "legislative facts."[1] Even Decl. ¶ 3. Second, Plaintiffs' counsel stated that two of the Young Adults currently live outside the state and have schedules or obligations that would make it difficult to attend a deposition in Washington. *Id.*

The Director's counsel disagreed with Plaintiffs' first and broad objection to the Young Adults' depositions, which as individual party depositions are unlike Plaintiffs' proposed Rule 30(b)(6) deposition of DOL. The Court disallowed that deposition because DOL had no institutional knowledge of the topics expressly listed in Plaintiffs' notice, which also "improperly [sought] legal opinions." Dkt. #61 at 4; Even Decl. ¶ 4. As to Plaintiffs' second objection regarding the two out-of-state Young Adults, the Director's counsel agreed to take their depositions either where they live or by remote means. Jones Decl. ¶ 8. Despite that proposed accommodation, Plaintiffs' counsel maintained his objections and stated his intention to seek a protective order, asserting that the Young Adults would not testify unless the Court so ordered. *Id.* The Director's counsel asked Plaintiffs' counsel to seek a "protective order promptly so that

---

[1] Plaintiffs' position that the Court's order barred all discovery of non-legislative facts is difficult to square with their insistence on taking the Rule 30(b)(6) deposition of Intervenor-Defendant Safe Schools Safe Communities (the Campaign), though that deposition notice identified materially indistinguishable topics as the notice issued to DOL, which this Court found improper. Plaintiffs' deposition of the Campaign's designee took place on December 16. Jones Decl. ¶ 7.

DEF. BERNTSEN'S OPP. TO PLS.'
MOT. FOR PROTECTIVE ORDER
NO. 3:19-cv-5106

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   the Court may rule on this issue without disrupting the discovery calendar." Jones Decl., Ex. H.
2   The discovery cutoff is February 10, 2020. Dkt. #50 at 1.

3       Rather than file their Motion promptly, Plaintiffs' counsel delayed for weeks, electing
4   instead to send multiple lengthy emails reiterating points of disagreement that the parties had
5   already exhausted in multiple discovery conferences. *See* Jones Decl. ¶¶ 8, 12, 13, Exs. H, I;
6   Even Decl. ¶¶ 3–4. Plaintiffs finally filed their Motion on January 10, 2020—three business days
7   before the first scheduled deposition, four weeks after receiving the operative deposition notices,
8   and six weeks after receiving the original notices. In their five-page Motion, Plaintiffs seek a
9   protective order quashing the notices, but fail to acknowledge the exacting legal standard that
10  applies to their extraordinary request to excuse individual plaintiffs from sitting for their properly
11  noticed depositions. Indeed, Plaintiffs do not support their request for relief with the citation of
12  even a single case.

### III.   ARGUMENT IN OPPOSITION

**A.   Legal Standards**

Rule 26(c) permits the Court to issue a protective order when the moving party establishes "good cause" for the order and "justice requires [it] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The burden of persuasion is on the party seeking the protective order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). To carry this "heavy burden" under the Rules' "liberal discovery principles," *id.*, the movant must show "good cause" by pointing to "specific facts that support the request, as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one," *U.S. EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (quotation marks and citation omitted). That the discovery "may involve some inconvenience or expense does not suffice to establish good cause under Rule 26(c)." *Id.*

Rule 30(a)(1) permits a party to, "by oral questions, depose any person, including a party, without leave of court." Because of that broad discovery right, "motions for protective orders

DEF. BERNTSEN'S OPP. TO PLS.'       3      ATTORNEY GENERAL OF WASHINGTON
MOT. FOR PROTECTIVE ORDER                            800 Fifth Avenue, Suite 2000
NO. 3:19-cv-5106                                                    Seattle, WA  98104-3188
                                                                                           (206) 464-7744

seeking to prevent the taking of a deposition [are] regarded unfavorably by the courts." *EEOC v. Freeman,* No. RWT-09-2573, 2012 WL 2370122, *1 (D. Md. June 21, 2012) (quotation marks and citation omitted). It is thus "very unusual for a court to prohibit the taking of a deposition altogether." *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (quotation marks and citation omitted); *see also Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); *Caesars Entm't*, 237 F.R.D. at 432 ("As a general rule, courts will not grant protective orders that prohibit the taking of deposition testimony."); *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988) ("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition.").

To win a protective order barring a deposition entirely, the moving party must therefore make "a strong showing of good cause and extraordinary circumstances." *Motsinger*, 119 F.R.D. at 378; *accord NuCal Foods, Inc. v. Quality Egg LLC*, No. CIV S-10-3105 KJM-CKD, 2012 WL 6629573, at *3 (E.D. Cal. Dec. 19, 2012); *Abarca v. Merck & Co.*, No. 1:07CV0388 OWW DLB, 2009 WL 2390583, at *3 (E.D. Cal. Aug. 3, 2009); *DR Sys., Inc. v. Eastman Kodak Co.*, No. 08CV669-H (BLM), 2009 WL 2973008, at *2 (S.D. Cal. Sept. 14, 2009). By itself, "[a] claimed lack of knowledge . . . is insufficient to preclude a deposition." *Apple Inc.*, 282 F.R.D. at 263 (quotation marks and citation omitted).

B.  **Plaintiffs Fail to Establish "Good Cause" or "Extraordinary Circumstances" Sufficient to Bar the Young Adults' Depositions**

In support of their extraordinary request to completely bar the deposition of party individuals, Plaintiffs essentially make two arguments. First, they contend that the Director "has not identified any topic on which the Young Adults can give testimony helpful to the Court's resolution of the merits of this case." Dkt. #64 at 6. Second, Plaintiffs assert that "live oral deposition testimony is [not] the most efficient means of acquiring [relevant] information if it

exists." *Id.* Even if true, neither argument would establish "good cause" or "extraordinary circumstances" to block the properly noticed depositions of individual plaintiffs here.

### 1. The Director need not disclose the subjects of the Young Adults' depositions

Plaintiffs' first and fundamental error is their apparent belief that the Director was somehow required to identify topics in deposition notices issued to the individual plaintiff-witnesses. *See, e.g.*, Dkt. #64. at 6 ("Berntsen has not identified any topic on which the Young Adults can give testimony helpful to the Court[] . . . ."). Plaintiffs are mistaken, improperly seeking to expand the notice requirements unique to depositions of organizational designees under Rule 30(b)(6) depositions to individual witness depositions generally. This is a distortion of Rule 30(b)(1), which requires merely "reasonable written notice" of the deposition's "time and place." Only when the deponent is an organization must a deposition notice "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6); *see, e.g.*, *Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 476 (S.D. Ohio 2014). ("The only time that, by Rule, a party must specify the subjects about which it wishes to depose a witness is when noticing a Rule 30(b)(6) deposition."). For individual witness depositions, a "party is not required to enumerate [its] deposition topics and pre-notice [the deponent] of the subjects about which [it] will inquire." *United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 115 (S.D.N.Y. 2017) (citation and internal quotation marks omitted)).

For this reason, the Young Adults' depositions are distinct from Plaintiffs' attempted Rule 30(b)(6) deposition of DOL. *See* Dkt. #61. Ignoring this obvious distinction, Plaintiffs repeatedly refer to that deposition, *see, e.g.*, Dkt. 64 at 2, 4, 6, which was quashed because the topics about which Plaintiff sought to depose Defendant were outside the agency's knowledge and mission. Dkt. #61 at 4. By contrast, the Young Adults are individuals, so there is no requirement that any topics be noticed in advance. And it is therefore incorrect for Plaintiffs to claim that the Director "proposes to examine the Young Adults" on any particular topic. Dkt. #64 at 3. By refusing to recognize this important difference in the Director's successful request for a

DEF. BERNTSEN'S OPP. TO PLS.'
MOT. FOR PROTECTIVE ORDER
NO. 3:19-cv-5106

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

protective order, Plaintiffs appear to be engaged in a "tit for tat" approach to litigation. *See, e.g.*, *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009) ("[D]iscovery is not conducted on a 'tit-for-tat' basis."); *see also* Jones Decl., Ex. I (email from Plaintiffs' counsel complaining that "[o]ral testimony is expensive and unnecessary, for among other reasons, the very reasons you gave the Court in your objection to Berntsen's deposition.").

Other than their faulty analogy to the quashed Rule 30(b)(6) deposition, Plaintiffs offer no reason why the Director should be forced to disclose in advance the subject matter of the Young Adults' depositions. For instance, nothing suggests (and Plaintiffs do not allege) that deposing the Young Adults would be "duplicative," "intend[ed] to harass," or for an otherwise "improper" purpose. *Husted*, 302 F.R.D. at 476–77 (unless "facts suggest [that the noticing party's] purposes are improper," "courts should be reluctant to permit a party who wishes not to be deposed to use a procedural device such as a motion for a protective order to force the requesting party to specify, in advance, the subject of the deposition as a precondition to proceeding."). Thus, the Director is not required to provide Plaintiffs a sneak preview of "each subject on which [she] wishes to examine a witness—especially one who has voluntarily become a party to a lawsuit." *Husted*, 302 F.R.D. at 479.

Indeed, parties to litigation are "presumptively subject to being deposed." *Id.* at 477. Plaintiffs fail to rebut that presumption with "specific facts," *Caesars Entm't*, 237 F.R.D. at 432, that establish extraordinary circumstances exempting the Young Adults from "the ordinary rule that, as a party and a witness, [they are] subject to being deposed." *Husted*, 302 F.R.D. at 480. Even in a suit involving a challenge to a law of general application, the plaintiffs have a "unique status" that obligates them to participate in discovery. *See, e.g.*, *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 629 (C.D. Cal. 2011) (named class action plaintiff's "unique status in [the] litigation provide[d] a sufficient ground to justify his deposition"). By "commencing litigation in this district," the Young Adults "should have reasonably anticipated being required to appear

DEF. BERNTSEN'S OPP. TO PLS.'  
MOT. FOR PROTECTIVE ORDER  
NO. 3:19-cv-5106

6

ATTORNEY GENERAL OF WASHINGTON  
800 Fifth Avenue, Suite 2000  
Seattle, WA 98104-3188  
(206) 464-7744

in this district for depositions." *Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577 (VEC), 2019 WL 4053917, at *2 (S.D.N.Y. Aug. 28, 2019); *see also Benderson v. Marquee Cinemas-OH, Inc.*, No. 2:12-CV-0525, 2015 WL 196035, at *4 (S.D. Ohio Jan. 14, 2015) ("Litigation, by its nature, is burdensome," and plaintiff's choice to file suit meant that "some of his time will be required to be spent . . . in connection with the litigation").

Plaintiffs urge the Court to grant the Young Adults an exemption from a party's presumptive obligation to sit for deposition because they purportedly "lack knowledge" about some relevant subjects. Dkt. #64 at 6. That argument ignores the "general rule . . . that a claimed lack of knowledge does not provide sufficient grounds for a protective order; the other side is allowed to test this claim by deposing the witness." *Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 122 (D. Conn. 1974); *accord Apple Inc.*, 282 F.R.D. at 263. Plaintiffs do not cite a single case in which the court barred the deposition of an individual plaintiff based on an asserted lack of knowledge. Indeed, their Motion does not cite any cases at all.

**2.     The Young Adults have information relevant to justiciability**

In any event, it is undisputed that the Young Adults have unique knowledge of relevant facts. For example, they have knowledge to support (or undercut) the justiciability of their claims. *See HSBC Bank USA, N.A. v. Green Valley Pecos Homeowners Ass'n, Inc.*, No. 216CV00242JCMGWF, 2016 WL 6915301, at *4 (D. Nev. Nov. 21, 2016) (plaintiff's standing was "a clearly relevant area of inquiry" for deposition). The operative First Amended Complaint (Complaint) alleges that each Young Adult is under 21 years of age, a "resident of the state of Washington," and, "not prohibited by any law from purchasing or owning a firearm except by virtue of his age." Dkt. #17 ¶¶ 13–20, 58, 71, 84, 97. The Director has reason to believe that, for at least one of the Young Adults, those allegations may be untrue—raising serious questions of standing and mootness. *See, e.g.*, *Hart v. United Steelworkers of America*, 482 F.2d 282, 283 (3d Cir. 1973) (per curiam) (case became moot where plaintiffs became 65 years of age during pendency of appeal); *Grinols v. Mabus*, 796 F. Supp. 972, 975 (N.D. Miss.

DEF. BERNTSEN'S OPP. TO PLS.'
MOT. FOR PROTECTIVE ORDER
NO. 3:19-cv-5106

7

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1992) (plaintiff's move to another state mooted claim for declaratory relief); *see generally Powell v. McCormack*, 395 U.S. 486, 496 (1969) (case must be dismissed as moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"). The Young Adults are best positioned to support or disclaim those allegations specific to them, and Rule 30(b)(1) entitles the Director to probe their veracity by oral examination. *See, e.g.*, *Naftchi v. N.Y. Univ. Med. Ctr.*, 172 F.R.D. 130, 133 (S.D.N.Y. 1997) (so long as witness has "any information pertinent to the lawsuit . . . there is no basis for precluding [his] deposition" on the ground of lack of knowledge).

Plaintiffs contend that the Director may not challenge the justiciability of the Young Adults' claims because this Court has already "dispose[d] of the question of the standing of the Young Adult[ Plaintiffs]," Dkt. #64 at 4, in its Order denying the motion to dismiss of Defendants Atkins and Meidl (the Local Defendants). Dkt. #44. But the Local Defendants raised the standing of Defendants Daniel Mitchell and Robin Ball (the Dealers) only—not that of the Young Adults, and not mootness at all. *See* Dkt. #32 at 12–15; Dkt. #34 at 7–10. The Court held that the Dealers had standing to bring a pre-enforcement challenge to I-1639, expressly reserving the question of the justiciability of the Young Adults' claims. Dkt. #44 at 5 n.1 ("Atkins and Meidl make no justiciability arguments related to the Young Adults or the Organization Defendants. Because those arguments would likely be quite different than what is actually contained in Defendants' briefs, the Court will only address standing and ripeness with respect to the Dealers.").[2] And even if the Court had reached the Young Adults' standing "by implication," Dkt. #64 at 4 (and it did not), it would not preclude the Director from challenging

---

[2] The Local Defendants also did not raise—and thus the Court did not reach—whether the Dealers had suffered (or were likely to suffer) a constitutionally cognizable injury in fact. *See, e.g.*, Dkt. #32 at 15 (arguing that Dealers lacked standing because they had not shown a "genuine threat of imminent prosecution") (quotation marks and citation omitted). The en banc Ninth Circuit has held that the Second Amendment does not confer "a freestanding right . . . upon a proprietor of a commercial establishment to sell firearms." *Teixeira v. Cty. of Alameda*, 873 F.3d 670, 682 (9th Cir. 2017) (en banc). While individual citizens may have a constitutional right to purchase certain firearms for home defense, the Second Amendment does not provide a "particular proprietor" with a "coextensive . . . right . . . to sell them." *Id.* In other words, the justiciability of the Young Adults' claims may be dispositive to the continuation and outcome of Plaintiffs' lawsuit.

DEF. BERNTSEN'S OPP. TO PLS.'
MOT. FOR PROTECTIVE ORDER
NO. 3:19-cv-5106

8

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

the justiciability of their claims at a later stage of litigation. *See, e.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("[E]ach element [of standing] must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation."); *McCullough v. Graber*, 726 F.3d 1057, 1059 (9th Cir. 2013) (live controversy "must exist at all stages of the proceedings" or else case is moot). The justiciability of the Young Adults' claims is a valid, critical subject of inquiry at their depositions.

### 3. The Young Adults have other relevant knowledge

Beyond justiciability, the Young Adults have other knowledge relevant to the outcome of the case. Each Plaintiff has alleged an inability to exercise his individual Second Amendment right. *See* Dkt. #17 ¶¶ 67, 80, 93, 106. The Complaint includes specific details regarding the type of firearms each sought to purchase and from which seller. *See, e.g.*, *id.* at ¶¶ 59–61. If Plaintiffs believed such allegations irrelevant to their claims, it is unclear why they chose to include them in the Complaint. More generally, by grounding their legal claims in the Young Adults' own individual circumstances, Plaintiffs have placed those circumstances at issue and must support their unadorned allegations with sworn testimony. The Young Adults are in a unique position to explain "the severity of the burden" to their Second Amendment rights, and not in conclusory legal jargon but in concrete terms that may illuminate the nature—real or illusory—of their alleged injuries. *See Bauer v. Becerra*, 858 F.3d 1216, 1222 (9th Cir. 2017) (citation and internal quotation marks omitted) (allegations concerning plaintiff's "actual ability to obtain and possess a firearm" is relevant to constitutionality of a firearms regulation).

Even where a case turn primarily on general legal authorities and legislative facts, it does not occur in a vacuum wholly removed from the alleged harm or hardship to the parties bringing suit. Plaintiffs have not specifically disclaimed an as-applied challenge to I-1639. *See, e.g.*, *United States v. Chovan*, 735 F.3d 1127, 1141–42 (9th Cir. 2013) (analyzing specific facts of petitioner's circumstances in as-applied challenge to applicability of firearm regulation). On the contrary, Plaintiffs have announced their intention to put "localized facts" at issue. *See* Dkt. #58

DEF. BERNTSEN'S OPP. TO PLS.'
MOT. FOR PROTECTIVE ORDER
NO. 3:19-cv-5106

9

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

at 8–9 (asserting that "[l]ocalized [f]acts" [a]re [a]t issue," including "facts regarding the prevalence and use of the banned firearms in Washington, as well as the behavior of the owners of those firearms," and that "Plaintiffs intend to argue their case based on those facts."). As past and prospective owners of assault rifles and voluntary parties to this suit, the Young Adults clearly have knowledge of "localized facts" that their counsel deems relevant to their claims. While the Director's defense of I-1639 will rely primarily on expert opinion and legislative facts, she would be remiss not to prepare a defense against the fact-based arguments that Plaintiffs are expressly developing for their own case in chief. *See generally* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or *defense*.") (emphasis added).

    **4.**    **Depositions of the Young Adults need not be "the most efficient means" of obtaining relevant information**

Plaintiffs do not contend that the Young Adults face some special hardship or unique burden that would constitute "extraordinary circumstances" sufficient to bar their depositions. They instead assert that depositions are not "the most efficient means" of acquiring relevant information from the Young Adults, Dkt. #64 at 6, and a party is "required to use" the "lowe[st] cost means to obtain" discoverable information, *id.* at 5. Plaintiffs cite no case supporting their radical-efficiency theory of civil discovery, which disregards the "fundamental" rule "that parties may simultaneously utilize any or all of the discovery mechanisms authorized by the rules." *Campbell v. Facebook Inc.*, 310 F.R.D. 439, 449 (N.D. Cal. 2015) (citation and internal quotation marks omitted); *see also Mir v. Kirchmeyer*, No. 12CV2340-GPC (DHB), 2016 WL 3548536, at *2 (S.D. Cal. June 29, 2016) ("[T]he fact that [Defendant] has access to other discovery does not eliminate [Defendant's] right to depose [Plaintiffs]."). Depositions are an essential discovery tool, and there are "strong reasons why a party strategically selects to proceed by oral deposition rather than alternate means, including the spontaneity of witness responses." *Kress v. Pricewaterhouse Coopers, LLP*, No. 2:08-cv-0965 LKK AC, 2013 WL 2421704, at *5

DEF. BERNTSEN'S OPP. TO PLS.'
MOT. FOR PROTECTIVE ORDER
NO. 3:19-cv-5106

10

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1 (E.D. Cal. June 3, 2013). Plaintiffs' theory would deprive parties of this strategic choice
2 whenever it would be easier and cheaper for their opponent to answer written discovery than
3 testify live. If that were enough to block a party's deposition, virtually none would ever have sit
4 for one. That is not how civil discovery works, at least not in the United States.[3]

5 To be sure, there could be times when the deposition of a particular witness could be so
6 uniquely burdensome, and the value of his testimony so negligible, as to warrant a protective
7 order. *See, e.g.*, *In re McCorhill Pub., Inc.*, 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988) (granting
8 protective order precluding "life-threatening deposition" of witness who was "in constant pain"
9 and a "vegetative state of senile dementia," and thus "physically incapable of furnishing any
10 information"). But Plaintiffs do not come close to making the showing. The Young Adults are
11 challenging a state law affecting public safety for which more than 1.8 million Washingtonians
12 cast votes. One should not embark on such a suit without anticipating that there will be some
13 significant discovery involved. *Cf.* Dkt. #49 at 6 (Plaintiffs' proposal in joint status report that
14 discovery period last 13 months). It is not unreasonable to require plaintiffs who voluntarily filed
15 this lawsuit to sit for depositions, just like any other normal party.

16 **C.    The Motion Is Untimely**

17 Plaintiffs have been aware since November 26, 2019, that Director Berntsen would seek
18 to depose the Young Adults. Yet they waited until three business days before the first deposition
19 to file a motion that contains no case law. In similar circumstances, courts in this circuit have
20 found the motion untimely. *Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-369 JCM (GWF), 2011 WL
21 4905639, at *1 (D. Nev. Oct. 14, 2011) (motion to quash subpoena untimely where deponent
22 had three weeks' notice but waited to file until three business days before deposition); *Grateful*
23 *Dead Prods. v. Sagan*, No. C 06-7727 (JW) PVT, 2007 WL 2155693, at *1 (N.D. Cal. July 26,
24 2007) (motion for protective order should have been filed in time to be heard before scheduled

---

[3] Plaintiffs' foreign law citations are not only inapt but provide no support for the novel discovery theory they would have this Court adopt. *See* Dkt. #64 at 5 n.6 (citing Canadian civil procedure rules that limit total time permitted for depositions but that say nothing about when alternate forms of discovery are required instead).

deposition dates to be timely); *Steelman Partners v. Sanya Gaosheng Inv. Co.*, No. 2:09-CV-01016-GMN-GWF, 2015 WL 9462081, at *2 (D. Nev. Dec. 24, 2015) (party should have moved for protective order after first notice of deposition). Because Plaintiffs made no effort to give the Court the opportunity to rule on the Motion before the depositions, it is untimely.

### IV.   CONCLUSION

The Director respectfully requests that the Court deny Plaintiffs' motion for a protective order. The discovery cutoff is February 10, 2020 and the parties have scheduled nine depositions before then. Jones Decl. ¶ 14. The Director therefore also asks that the Court permit her to take the Young Adults' depositions after the cutoff, but before March 1, 2020.

DATED this 22nd day of January 2020.

ROBERT W. FERGUSON
  *Attorney General*

NOAH G. PURCELL, WSBA No. 43492
  *Solicitor General*

  *s/ Zachary Pekelis Jones*
JEFFREY T. EVEN, WSBA No. 20367
  Deputy Solicitor General
  Jeffrey.Even@atg.wa.gov
ZACHARY PEKELIS JONES, WSBA No. 44557
R. JULY SIMPSON, WSBA No. 45869
BRENDAN SELBY, WSBA No. 55325
  Assistant Attorneys General
  Complex Litigation Division
  Zach.Jones@atg.wa.gov
  July.Simpson@atg.wa.gov
  Brendan.Selby@atg.wa.gov
DIONNE PADILLA-HUDDLESTON, WSBA No. 38356
  Assistant Attorney General
  Licensing and Administrative Law Division
  dionnep@atg.wa.gov; lalseaef@atg.wa.gov
  800 Fifth Avenue, Suite 2000
  Seattle, WA 98104-3188
*Attorneys for Defendant Teresa Berntsen*

DEF. BERNTSEN'S OPP. TO PLS.'
MOT. FOR PROTECTIVE ORDER
NO. 3:19-cv-5106

12

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**CERTIFICATE OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 22nd day of January 2020.

<em>s/ Zachary Pekelis Jones</em><br>
ZACHARY PEKELIS JONES, WSBA No. 44557<br>
Assistant Attorney General