The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| DANIEL MITCHELL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES ATKINS, et al., <br><br> Defendants, <br><br> and <br><br> SAFE SCHOOLS SAFE COMMUNITIES, <br><br> Intervenor-Defendant. | NO. 3:19-cv-5106 <br><br> MOTION TO EXCLUDE EXPERT TESTIMONY OF SHERIFF OZZIE KNEZOVICH <br><br> NOTED FOR FRIDAY, MARCH 20, 2020 WITHOUT ORAL ARGUMENT |

MOTION TO EXCLUDE EXPERT
TESTIMONY OF SHERIFF KNEZOVICH
NO. 3:19-cv-5106

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND ............................................................................................................ 1

III. ARGUMENT ................................................................................................................. 3

   A. Plaintiffs' Failure to Timely Disclose the Facts and Data Sheriff Knezovich Considered in Forming His Opinions Requires Exclusion of His Testimony ........... 3

      1. Requirements of expert disclosure and discovery ............................................. 3

      2. Plaintiffs' inadequate disclosures require exclusion of the Sheriff's testimony ............................................................................................................ 4

   B. The Sheriff's Opinions Do Not Meet the Standards Governing Expert Testimony ...................................................................................................................... 6

      1. Requirements of expert testimony ...................................................................... 7

      2. Sheriff Knezovich is not qualified to testify regarding firearms statistics ......... 7

      3. Sheriff Knezovich's testimony is not based on sufficient "facts or data" .......... 9

      4. The Sheriff's opinions are not the product of reliable principles and methods .............................................................................................................. 10

IV. CONCLUSION ........................................................................................................... 12

MOTION TO EXCLUDE EXPERT
TESTIMONY OF SHERIFF KNEZOVICH
NO. 3:19-cv-5106

i

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

## I. INTRODUCTION

Defendant Teresa Berntsen, Director of the Washington Department of Licensing (the Director), hereby moves to exclude the testimony of Plaintiffs' expert Sheriff Ozzie Knezovich. Sheriff Knezovich, the sheriff of Spokane County and an outspoken opponent of Initiative Measure No. 1639 (I-1639), submitted an expert report that consists of unsupported assertions concerning the ownership, possession, and use of semiautomatic assault rifles (SARs). His opinions fail to satisfy the most basic requirements of expert testimony under the federal rules and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 597 (1993): Sheriff Knezovich lacks the "knowledge, skill, experience, training, or education" in statistics or social science to qualify him to opine on rates of firearm ownership, possession, or use—the primary subject of his report. Fed. R. Evid. 702. Replete with conclusory and subjective assertions and citing just a single source for support, his report is neither based on sufficient "facts or data" nor the product of "reliable principles and methods." Fed. R. Evid. 702(b)–(d). And most egregiously, Plaintiffs failed to timely disclose the "facts or data considered by" Sheriff Knezovich in "forming" his opinions, Fed. R. Civ. P. 26(a)(2)(B)(ii)—providing no materials to accompany his report but then, at the Sheriff's deposition, handing defense counsel hundreds of pages of documents that he had considered, but which had not been produced. The Director respectfully requests that the Court exclude his testimony and prohibit Plaintiffs from relying on his opinions at trial or in support of their forthcoming motion for summary judgment.

## II. BACKGROUND

Among their expert disclosures, Plaintiffs produced the Report of Sheriff Ozzie Knezovich (the Report). Declaration of Zachary Pekelis Jones (Jones Decl.) ¶ 2, Ex. A. Sheriff Knezovich is a self-described "vocal" opponent of I-1639 who believes that gun violence is not a "serious problem" in the United States. Jones Decl., Ex. B (Knezovich Deposition Transcript at (Dep.) 35:4–18, 146:3–5), Ex. C. In his Report, which is unsigned, Sheriff Knezovich offers

MOTION TO EXCLUDE EXPERT
TESTIMONY OF SHERIFF KNEZOVICH
NO. 3:19-cv-5106

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

three broad opinions: (1) "Semi-Automatic Rifles [are] Owned by Law-Abiding Citizens"; (2) "Semi-Automatic Rifles [are] Used for Law-Abiding Purposes"; and (3) "the Restrictions Imposed by I-1639 on Acquisition and Possession of Semiautomatic Rifles [are not] Likely to Reduce Misuse of Firearms." Jones Decl., Ex. A at 3–5. The Report cites only one source—a 2017 crime data table published by the FBI. *Id.* at 4 n.1. Other than the Report itself, Plaintiffs provided no facts or data considered by Sheriff Knezovich in forming his opinions.

Upon arriving at Sheriff Knezovich's deposition, Plaintiffs' counsel presented the Director's counsel with a stack of documents totaling 396 pages. Jones Decl. ¶ 5, Exs. D, E. Sheriff Knezovich testified that, in preparing his report, he had considered many of the documents in that stack, which had not been provided before the deposition. Jones Decl., Ex. B (Dep. 45:2–51:16). In addition, Sheriff Knezovich brought with him to the deposition two separate binders of documents that together totaled 552 pages. Jones Decl. ¶¶ 7–8, Exs. F, G. Sheriff Knezovich testified that the materials in his binders "should be very much the same" as the materials stack provided by Plaintiffs' counsel. Jones Decl., Ex. B (Dep. 11:22–12:13). In fact, however, the binders contained several documents that were not among those provided by counsel. *Compare, e.g.*, Jones Decl., Ex. F at 472–518 (PowerPoint presentation), *and id.*, Ex. G at 520–21 (2019 House Bills Related to Firearms), *with id.*, Ex. D (containing neither document). The Sheriff also testified that, in reaching the opinions expressed in his Report, he had considered additional documents that were neither cited in the Report nor even among the materials he and Plaintiffs' counsel brought to his deposition—and which, to this day, have still not been disclosed to Defendants. *See, e.g.*, Jones Decl., Ex. B (Dep. 100:2–12).

On Friday March 6, the Director's counsel contacted Plaintiffs' counsel regarding the deficiencies in Sheriff Knezovich's opinions and Plaintiffs' expert disclosures, seeking to meet and confer. Jones Decl. ¶ 9. Plaintiffs' counsel disputed some of the Director's objections but

MOTION TO EXCLUDE EXPERT
TESTIMONY OF SHERIFF KNEZOVICH
NO. 3:19-cv-5106

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

refused to participate in a telephone conference, taking the position that meet and confer requirements do not apply to motions to exclude expert testimony. *Id.* ¶ 9, Ex. H.

### III.  ARGUMENT

The Court should exclude Sheriff Knezovich's testimony for two reasons: First, Plaintiffs violated the rules governing expert disclosures and discovery by (1) failing to provide by the expert disclosure deadline all "facts or data considered" by Sheriff Knezovich in forming his opinions, Fed. R. Civ. P. 26(a)(2)(B)(ii); and (2) failing to produce discoverable communications between the Sheriff and Plaintiffs' counsel, which the Director had requested in discovery. Second, Sheriff Knezovich does not satisfy Federal Rule of Evidence 702's standards governing expert testimony because (1) he lacks the qualifications to opine on the statistical or social scientific matters expressed in his Report; (2) his opinions are not based on sufficient facts or data; and (3) his opinions are not based on the application of reliable principles and methods.

**A.  Plaintiffs' Failure to Timely Disclose the Facts and Data Sheriff Knezovich Considered in Forming His Opinions Requires Exclusion of His Testimony**

**1.  Requirements of expert disclosure and discovery**

Rule 26(a)(2)(B)(i) states that an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." In addition, the Rule requires that an expert's written report contain "the facts or data considered by the witness in forming" all opinions the expert will express. Fed. R. Civ. P. 26(a)(2)(B)(ii). As the advisory committee notes to the 2010 amendment state, "facts or data" is to be "interpreted broadly," and "[t]he disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert."

In addition, Rule 26(b)(4)(C) expressly permits discovery of certain communications between a party's attorney and an expert witness, including communications that "identify facts or data that the party's attorney provided and that the expert considered," or that "identify assumptions that the party's attorney provided and that the expert relied on." *Id.* §§ (ii), (iii). To

MOTION TO EXCLUDE EXPERT
TESTIMONY OF SHERIFF KNEZOVICH
NO. 3:19-cv-5106

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

the extent communications with an expert are withheld because of privilege or work product protection, they must be documented in a privilege log. *See Hi-Tech Rockfall Constr. v. Cty. of Maui*, No. CV 08-00081 DAE-LEK, 2009 WL 10676563, at *8 (D. Haw. Mar. 12, 2009).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "When a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). The burden of showing that either exception applies lies with Plaintiffs as the party at fault. *Yeti*, 259 F.3d at 1106-07. Parties are "not required to articulate how they would be prejudiced" by their opponents' inadequate disclosure. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

**2.     Plaintiffs' inadequate disclosures require exclusion of the Sheriff's testimony**

Plaintiffs did not disclose the facts or data considered by Sheriff Knezovich. His Report, though it deals with topics of a fact-bound, statistical nature, contains only one citation. He acknowledged in his deposition that he "did a lot of research on the computer, materials I've had over the past," but his Report identifies none of them beyond its one citation. Jones Decl., Ex. B (Dep. 11:16–17). At several points in his deposition, the Sheriff could not identify the source of purported facts or data upon which he relied. *See, e.g.*, *id.* 86:22–87:20, 100:2–12, 111:5–17. The Sheriff even arrived at his deposition with nearly 1000 pages of documents that Plaintiffs

MOTION TO EXCLUDE EXPERT
TESTIMONY OF SHERIFF KNEZOVICH
NO. 3:19-cv-5106

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

had not previously disclosed—much of which he admitted having considered in preparing his Report. *Id.* 45:2–51:16. And even that eleventh-hour heap of material omitted other documents Sheriff Knezovich had considered in formulating his opinions. *See, e.g.*, Jones Decl., Ex. B (Dep. 100:6–9 ("[I]t was in a report that I read about four years ago. I don't know if it's in this stack of documents . . . ."); *id.* 47:14–23 (stating he was "not sure" whether certain documents he considered were provided on day of deposition); *id.* 51:2–4 ("Q. . . . [D]id you consider that in preparing your report?  A. Yes. That or similar data.").

Plaintiffs also did not disclose materials that Sheriff Knezovich emailed their counsel. The Sheriff testified that he had sent Plaintiffs' counsel materials "over the course of the last couple of months" before the deposition. *Id.* 36:9. Plaintiffs' counsel stated on the record that Sheriff Knezovich had emailed him the very documents sprung on Defendants at the deposition. *Id.* 37:3–6. Such e-mails containing facts or data the Sheriff relied upon—as well as other subjects such as compensation[1]—are discoverable. *See* Fed. R. Civ. P. 26(b)(4)(C). Nevertheless, and despite the fact that the Director specifically sought discovery of all communications between Plaintiffs' counsel and their experts, Plaintiffs have produced no emails to or from Sheriff Knezovich. To the contrary, Plaintiffs' counsel directly asserted that "[w]e have no discoverable documents with respect to Sheriff Knezovich." Jones Decl., Ex. J. That assertion is impossible to square with the revelations made at the Sheriff's deposition.

Plaintiffs' inadequate expert disclosures were not harmless and cannot be justified. First, Defendants were surprised and prejudiced by the large volume of documents Plaintiffs' counsel and the Sheriff handed over at his deposition—more than six weeks after the expert disclosure deadline. That last-minute document dump significantly impaired Defendants' ability to depose

---

[1] Although the Sheriff's Report states that he is "not being compensated for appearing as an expert," Jones Decl., Ex. A at 2, he testified in his deposition that he is being compensated at a rate of $150 per hour, Jones Decl., Ex. B (Dep. 190:22–24).

MOTION TO EXCLUDE EXPERT
TESTIMONY OF SHERIFF KNEZOVICH
NO. 3:19-cv-5106

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Sheriff Knezovich regarding his opinions. To date, Plaintiffs still have not explained the complete basis of those opinions, so the Director remains unable to fully evaluate them.

Second, Plaintiffs made their late, incomplete disclosure fewer than five weeks before the start of summary judgment briefing. *See* Dkt. No. 74. Having failed to even attempt to cure the clear deficiencies in their expert disclosures, Plaintiffs should not be permitted to rely on Sheriff Knezovich's report and testimony in the summary judgment proceedings.

Third, as discussed more fully below, Sheriff Knezovich's report and testimony are highly subjective and quixotic. *See infra* at 11. Plaintiffs hold him out as an authority based on his credentials without revealing the complete bases for his opinions. Allowing Plaintiffs to rely on his Report and testimony—whether at trial or in the course of summary judgment—would not only prejudice the Director but would distract from the concrete factual and legal issues that should dictate the resolution of this case in Defendants' favor.

Fourth, in failing to timely disclose hundreds of pages of materials Sheriff Knezovich considered in forming his opinions, Plaintiffs' counsel are as responsible (if not more so) as the Sheriff himself. Not only should counsel have understood their expert disclosure requirements, but they had apparently been in possession of the very documents with which they blindsided Defendants at the Sheriff's deposition.

Finally, Plaintiffs' inadequate expert disclosure was not substantially justified. Nothing in either Sheriff Knezovich's deposition or in counsel's subsequent email correspondence reveals the slightest justification for Plaintiffs' failure to comply with Rule 26's straightforward requirements. The exclusion of Sheriff Knezovich is thus "self-executing" and "automatic." *See Yeti*, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)).

**B.    The Sheriff's Opinions Do Not Meet the Standards Governing Expert Testimony**

Independent of Plaintiffs' inadequate expert disclosures, Sheriff Knezovich's opinions should be excluded because they do not meet three basic requirements of expert testimony. First,

MOTION TO EXCLUDE EXPERT
TESTIMONY OF SHERIFF KNEZOVICH
NO. 3:19-cv-5106

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

they are outside the scope of his expertise. Second, they are not based on sufficient facts or data. And third, they are not the product of reliable principles and methods.

### 1. Requirements of expert testimony

A person "qualified as an expert by knowledge, skill, experience, training, or education" may testify to his opinions only if his "scientific, technical, or other specialized knowledge" would "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The Rule requires that expert testimony both be "based on sufficient facts or data" and "the product of reliable principles and methods" that have been "reliably applied . . . to the facts of the case." Fed. R. Evid. 702(b)–(d). District courts perform a "gatekeeping" function of "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.

### 2. Sheriff Knezovich is not qualified to testify regarding firearms statistics

First and foremost, the "Rule 702 inquiry requires the Court to determine that the witness is qualified by special knowledge as an expert in the relevant area of expertise." *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 984 F. Supp. 2d 1021, 1026 (C.D. Cal. 2013). Sheriff Knezovich's Report addresses (1) whether SARs are owned by law-abiding citizens; (2) whether SARs are used for law-abiding purposes; and (3) whether I-1639 is likely to reduce misuse of firearms. Jones Decl., Ex. A at 2. Those topics do not concern the technical specifications of firearms or law enforcement practices and policies. Instead, they fall within the domain of social science or statistics. While a qualified expert such as a social scientist or statistician could opine on those subjects, Sheriff Knezovich has no such expertise.

Sheriff Knezovich's opinions are grounded in his experience in law enforcement and the military. *See, e.g.*, Jones Decl., Ex. A at 3, Ex. B (Dep. 52:17–21, 187:18–22). In his deposition, Sheriff Knezovich claimed expertise in multiple specific areas, including (1) the "use of

MOTION TO EXCLUDE EXPERT
TESTIMONY OF SHERIFF KNEZOVICH
NO. 3:19-cv-5106

7

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

weapons," (2) the "constitutional aspects of firearms ownership,"[2] (3) "crime in reference to firearms ownership," and (4) "behavioral aspects" and the "mental health component" with regard to "trends . . . in law enforcement." *Id.* 29:17–30:14. But no court has ever recognized the Sheriff as an expert on any subject. *Id.* at 33:1–3. He has not published any writings in his asserted fields of expertise. *Id.* 39:15–22. He could not name any leading publications, authors, or other experts in those fields. *Id.* 33:4–34:22, 39:23–40:2. Asked why he had been selected as an expert, Sheriff Knezovich replied, "I believe it's because of my stand on [I-]1639," namely "that I believe that [it] is inherently unconstitutional." *Id.* 34:23–35:3.

Nothing in Sheriff Knezovich's Report or deposition testimony indicates that his law enforcement or military experience qualifies him to opine on the statistical or social scientific subject matter that his Report primarily addresses. *See, e.g.*, *Lewert v. Boiron, Inc.*, 212 F. Supp. 3d 917, 936 (C.D. Cal. 2016), *aff'd*, 742 F. App'x 282 (9th Cir. 2018) (physician could not offer an opinion on reliability of clinical studies because he had "no expertise in statistical analysis or study design and . . . no ability to judge the quality of either study"). Sheriff Knezovich lacks training in statistics. Jones Decl., Ex. A at 8–11 of 12. Nor does he have expertise in public policy research other than "pay[ing] . . . attention" to such research. Jones Decl., Ex. A at 3. He has no evident training in methodologies for drawing conclusions from available data and research. And his state approach—the "use of logic," Jones Decl., Ex. B (Dep. 53:1–6)—is within the average layperson's capacity. *See United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002) (expert testimony "must be beyond the common knowledge of the average layman").

Plaintiffs seek to capitalize on Sheriff Knezovich's law enforcement credentials to offer uninformed and subjective conclusions on subjects on which he is unqualified to opine. Because

---

[2] Sheriff Knezovich claimed to have "developed quite an understanding" of the U.S. Constitution from having served in law enforcement, though he implied that he was not an expert "in all aspects of the Second Amendment." Jones Decl., Ex. B (Dep. 30:15–31:22).

MOTION TO EXCLUDE EXPERT
TESTIMONY OF SHERIFF KNEZOVICH
NO. 3:19-cv-5106

8

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Sheriff Knezovich lacks relevant experience, knowledge, and credentials necessary to testify on the subject matter of his Report, the Court should exclude his Report and testimony.

### 3. Sheriff Knezovich's testimony is not based on sufficient "facts or data"

Rule 702(b) requires that expert testimony be based on "sufficient facts or data." The Supreme Court has warned against "admit[ting] opinion evidence that is connected to existing data only by the ipse dixit of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Sheriff Knezovich's conclusions fall within the realm of statistics and social science. But Sheriff Knezovich is not a social scientist, and he does even pretend to have canvassed the most relevant, up-to-date research to develop his opinions. Instead, he arrived at the deposition with a hodgepodge of documents not previously disclosed that he had "pulled . . . together" to "form the report." Jones Decl., Ex. B (Dep. 44:3–5). Those materials represent, at best, a loose assortment of information from a variety of disparate sources assembled by someone who is not an expert in statistical analysis or any other social science. Rather than consulting applicable facts or data to develop an informed, expert opinion, Sheriff Knezovich appears to have done the opposite—cherry-picking studies that bolster his personal opinions in opposition to I-1639.

Sheriff Knezovich also claimed to rely on "30 years' worth of reading and knowledge." *Id.* 51:25. Again, he is neither a social scientist nor a statistician, so it is unclear what relevant "reading and knowledge" he might have acquired over that period. Other conclusions were based on nothing more than inferences from Sheriff Knezovich's own selective and limited experiences. For example, when asked for the basis of his conclusion that there are no differences regarding the "law-abiding characteristics" of SAR owners, Sheriff Knezovich replied, "Just observation over 30 years of dealing with people," and also "materials that I've read throughout the course of my life, some of which is sitting right on the table here." *Id.* 87:10–20. When asked what he relied on to support his claim that semi-automatic rifles are at least as common as bolt-action rifles, Sheriff Knezovich replied that "it was in a report that I read about four years ago,"

MOTION TO EXCLUDE EXPERT TESTIMONY OF SHERIFF KNEZOVICH
NO. 3:19-cv-5106

9

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

though he was unsure if the report was in the "stack of documents." *Id.* 100:6–9. When asked on what he relied on for his conclusion that I-1639 would lead youths to seek out SARs on the black market, Sheriff Knezovich could not identify a specific source—falling back, once again, on his claim that "30 years of law enforcement experience tells me the same thing." *Id.* 111:5–24.[3]

Sheriff Knezovich's quasi-statistical claims are not based on data, but are simply his own *ipse dixit*. *See Gen. Elec. Co.*, 522 U.S. at 146. His testimony should be excluded.

### 4. The Sheriff's opinions are not the product of reliable principles and methods

Finally, the "overarching subject" of the Rule 702 inquiry "is the scientific validity and thus the evidentiary relevance and reliability—of the principles that underlie a proposed submission." *Daubert*, 509 U.S. at 594–95. To the extent there is any method underlying Sheriff Knezovich's opinions, it apparently amounts to explaining (1) what he has observed over a 30-year law enforcement career; and (2) what he has read over the course of that career.[4] Neither represents the sort of established, verifiable methods Rule 702 requires of expert testimony.

First, Sheriff's Knezovich's law enforcement career does not provide a sufficient basis for his social scientific conclusions. "If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note (2000). In neither his Report nor his deposition has Sheriff Knezovich explained how his career constitutes a sufficient or reliable "method" of arriving at statistical conclusions about firearm ownership, possession, or use. *See, e.g., Hillery v. Sun City Anthem Cmty. Ass'n*, No. 217CV02639MMDEJY, 2019 WL 5095780, at *9 (D. Nev. Oct. 11, 2019) (architect with 45-year career and experience with disabilities laws

---

[3] Sheriff Knezovich's inability to identify the specific bases for his opinions underscores the harm from Plaintiffs' untimely and incomplete expert disclosure. Based on his Report, the Director's counsel gathered that his testimony was based simply on his experience and on the one source cited. Had Defendants known of the many other documents considered, they could have investigated whether those materials supported the Sheriff's opinions.

[4] Asked what technique or methodology he employed to arrive at his conclusions, Sheriff Knezovich answered: "Other than use of logic, I don't know how to answer that question." Jones Decl., Ex. B (Dep. 53:1–6).

was not qualified to testify whether accommodating disability would alter a company's business). Instead, his approach is subjective and haphazard—rooted in the Sheriff's personal opposition to I-1639 itself—that is bound to produce misleading and biased conclusions. *See, e.g.*, Rule 702 advisory committee's notes (2000) ("The more subjective and controversial the expert's inquiry, the more likely the testimony should be excluded as unreliable.").

The result of Sheriff Knezovich's experience-based "methodology" is a Report riddled with conclusions that are selective, unsupported, or downright bizarre. *See, e.g.*, Jones Decl., Ex. A at 6 (concluding that I-1639 is "unlikely" to reduce "the number or severity of mass shootings" because "[i]n most of the incidents with which I am familiar . . . the weapons were not acquired lawfully," without defining "incidents" or citing any supporting information); *id.* at 4 (asserting that "rifles are acquired for self-defense" and noting the "threats" that "citizens face . . . from wild animals, including cougars, bears, wolves, and moose"). Sheriff Knezovich's anecdotal experience is no substitute for reliable principles and methods.

Nor does Sheriff Knezovich's scattershot literature review meet Rule 702's requirement of reliable principles and methods. While a literature review may sometimes be an appropriate technique for an expert to employ, it "must still be performed appropriately." *Doe v. Ortho-Clinical Diagnostics, Inc.*, 440 F. Supp. 2d 465, 472 (M.D.N.C. 2006). The offering party must "come forward with other objective, verifiable evidence that the testimony is based on 'scientifically valid principles,'" such as "proof that the research and analysis supporting the proffered conclusions have been subjected to normal scientific scrutiny through peer review and publication." *In re Human Tissue Prod. Liab. Litig.*, 582 F. Supp. 2d 644, 670 (D.N.J. 2008).

Sheriff Knezovich's work falls far short of that standard. The literature he reviewed was nothing more than a bricolage "pulled . . . together" from various points of his career. Jones Decl., Ex. B (Dep. 44:3). At multiple points in his deposition he could not even identify what materials supported a given conclusion. *E.g.*, *id.* 68:3–11; 69:22–24; 100:6–9, 111:5–24. The

Sheriff has no apparent training in assembling, reviewing, or evaluating statistical data, and few of the sources he relied on were subject to the scrutiny of peer review and publication.

The Sheriff's cavalier research approach produced some patently unreliable conclusions. For example, in the course of opining about the "law-abiding characteristics" of gun-owners, he claims that "[r]ifles are rarely chosen as a means to commit crime." Jones Decl., Ex. A at 4. But his whole Report cites just one source—data on single type of crime in a single state in a single year. *Id.* at 4 n.1. That isolated data point cannot sustain the Sheriff's sweeping conclusion regarding rifle crime generally. In his deposition, the Sheriff defended his conclusion by speculating on what the data "might" be for other crimes. Jones Decl., Ex. B (Dep. 89:3–90:16). But his testimony only underscores the absence of any method in his approach to data, which is the only type of evidence that could reliably support his sweeping conclusions. *See Hannah v. United States*, No. 217CV01248JAMEFB, 2019 WL 718119, at *5 (E.D. Cal. Feb. 20, 2019) ("Assumption and conjecture cannot form the basis of an objective, and independent methodology.").

Addressing the dearth of citations in his Report, Sheriff Knezovich acknowledged that it was "my error that I didn't footnote better." Jones Decl., Ex. B (Dep. 58:22–23). While his candor is admirable, it does not rehabilitate his Report or make up for its lack of any coherent and reliable methodology. Sheriff Knezovich has not "shown his work"—and what work he has shown was disclosed belatedly, contains obvious errors and gaps, and fails to support his conclusions. The Sheriff's testimony is therefore unreliable and inadmissible under Rule 702.

## IV.   CONCLUSION

For the above reasons, the Director respectfully requests that the Court exclude Sheriff Knezovich as an expert witness and prohibit Plaintiffs from relying on his Report or testimony.

DATED this 10th day of March 2020.

ROBERT W. FERGUSON
*Attorney General*

NOAH G. PURCELL, WSBA No. 43492
*Solicitor General*

*s/ Zachary Pekelis Jones*
JEFFREY T. EVEN, WSBA No. 20367
Deputy Solicitor General
Jeffrey.Even@atg.wa.gov

ZACHARY PEKELIS JONES, WSBA No. 44557
R. JULY SIMPSON, WSBA No. 45869
BRENDAN SELBY, WSBA No. 55325
Assistant Attorneys General
Complex Litigation Division
Zach.Jones@atg.wa.gov
July.Simpson@atg.wa.gov
Brendan.Selby@atg.wa.gov

DIONNE PADILLA-HUDDLESTON, WSBA No. 38356
Assistant Attorney General
Licensing and Administrative Law Division
dionnep@atg.wa.gov; lalseaef@atg.wa.gov

800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188

*Attorneys for Defendant Teresa Berntsen*