The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DANIEL MITCHELL, et al., | NO. 3:19-cv-5106 |
| Plaintiffs, | DECLARATION OF ZACHARY PEKELIS JONES IN SUPPORT OF DEFENDANT BERNTSEN'S MOTION TO EXCLUDE EXPERT TESTIMONY OF SHERIFF OZZIE KNEZOVICH |
| v. | |
| CHARLES ATKINS, in his official capacity as the Sheriff of Clark County, et al., | |
| Defendants. | |

1. I am an Assistant Attorney General in the Complex Litigation Division of the Office of the Attorney General. In that capacity, I am one of the attorneys representing the Department of Licensing in the above-captioned case. I am at least 18 years of age, competent to testify as a witness, and have personal knowledge of the facts related in this declaration.

2. Attached as Exhibit A is a true and correct copy of the Report of Sheriff Ozzie Knezovich, which Plaintiffs produced as part of their expert disclosures pursuant to Federal Rule 26(a)(2)(B) on December 18, 2019. The Report was marked and referenced in Sheriff Knezovich's February 4, 2020 deposition as Deposition Exhibit No. 49.

3. Attached as Exhibit B is a true and correct copy of the excerpted transcript of the Sheriff Knezovich's deposition, which was taken on February 4, 2020.

DECL. OF ZACHARY PEKELIS JONES IN SUPPORT OF DEF. MOT. TO EXCLUDE TESTIMONY OF SHERIFF OZZIE KNEZOVICH
CAUSE NO. 3:19-CV-5106

1

ATTORNEY GENERAL OF WASHINGTON
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

4.      Attached as Exhibit C is a true and correct copy of an article dated January 31, 2019 published online by KHQ News, entitled "Spokane County Sheriff Ozzie Knezovich: '1639 is unconstitutional at the State and Federal level.'" This article was marked and referenced in Sheriff Knezovich's deposition as Deposition Exhibit No. 54.

5.      Attached as Exhibit D is a true and correct copy of a set of documents Plaintiffs' counsel Matthew Albrecht presented to me upon arriving at Sheriff Knezovich's deposition. The complete set documents totaled 396 pages and was marked and referenced in Sheriff Knezovich's deposition as Deposition Exhibit No. 48.

6.      Attached as Exhibit E is a true and correct copy of the table of contents to the set of documents attached as Exhibit D. The table of contents was marked and referenced in Sheriff Knezovich's deposition as Deposition Exhibit No. 47.

7.      Attached as Exhibit F are excerpts of a true and correct copy of a set of documents that Sheriff Knezovich brought with him in a binder to his deposition. The complete set of documents totaled 115 pages and was marked and referenced in Sheriff Knezovich's deposition as Deposition Exhibit No. 64.

8.      Attached as Exhibit G are excerpts of a true and correct copy of an additional set of documents that Sheriff Knezovich brought with him to his deposition in a separate binder. The complete set of documents totaled 437 pages and was marked and referenced in Sheriff Knezovich's deposition as Deposition Exhibit No. 65.

9.      On March 6, 2020, I emailed Plaintiffs' counsel regarding deficiencies in their expert disclosures and Sheriff Knezovich's qualifications and opinions. Specifically, I objected to Plaintiffs' reliance on Sheriff Knezovich as an expert witness on five grounds: First, Plaintiffs had not timely disclosed all "facts or data considered" by Sheriff Knezovich, Fed. R. Civ. P. 26(a)(2)(B)(ii). Second, Plaintiffs had not produced any communications between the Sheriff and Plaintiffs' counsel, which are discoverable, *see* Fed. R. Civ. P. 26(b)(4)(C), and which the Director had specifically requested in discovery. Third, I objected to the Sheriff's

DECL. OF ZACHARY PEKELIS JONES
IN SUPPORT OF DEF. MOT. TO
EXCLUDE TESTIMONY OF
SHERIFF OZZIE KNEZOVICH
CAUSE NO.  3:19-CV-5106

2

ATTORNEY GENERAL OF WASHINGTON
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

qualifications because he lacks expertise in the subject matter on which he opines in his report. Fourth, I objected that the Sheriff's opinions are not based on sufficient "facts or data," as required by Federal Rule of Evidence 702(b). Fifth, I objected that the Sheriff's opinions are not based on "reliable principles and methods . . . reliably applied . . . to the facts of the case." Fed. R. Evid. 702(c)–(d). I sought to meet and confer telephonically with Plaintiffs' counsel regarding my objections. Plaintiffs' counsel disputed some of my objections by letter but declined to conduct a telephone conference, taking the position that there is no meet-and-confer requirement for *Daubert* motions. Attached as Exhibit H is a true and correct copy of my email correspondence with Plaintiffs' counsel.

10. Attached as Exhibit I is a true and correct copy of the Director's Second Set of Interrogatories and Requests for Production to Plaintiffs Daniel Mitchell and Robin Ball.

11. Attached as Exhibit J is a true and correct copy of an email correspondence between me and Plaintiffs' counsel Joel Ard on Monday, January 27, 2020.

12. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 10th day of March 2020.

               */s/ Zachary Pekelis Jones*
               ZACHARY PEKELIS JONES

DECL. OF ZACHARY PEKELIS JONES
IN SUPPORT OF DEF. MOT. TO
EXCLUDE TESTIMONY OF
SHERIFF OZZIE KNEZOVICH
CAUSE NO. 3:19-CV-5106

3

ATTORNEY GENERAL OF WASHINGTON
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744