1

2

3

4

5

6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

DANIEL MITCHELL, ROBIN BALL, LUKE
RETTMER, NATHANIEL CASEY,
MATTHEW WALD, SECOND AMENDMENT
FOUNDATION, and NATIONAL RIFLE
ASSOCIATION,

The Honorable Ronald B. Leighton

No. 3:19-cv-05106-RBL

10

*Plaintiffs*,

11

v.

12

13

14

15

16

CHUCK ATKINS, in his official capacity as the
Sheriff of Clark County, Washington, CRAIG
MEIDL, in his official capacity as the Chief of
Police of Spokane, Washington, and TERESA
BERNTSEN, in her official capacity as the
Director of the Washington State Department
of Licensing,

PLAINTIFFS' OPPOSITION TO
DIRECTOR BERNTSEN'S MOTION TO
EXCLUDE TESTIMONY OF OZZIE
KNEZOVICH

NOTING DATE: MARCH 27, 2020

17

*Defendants*.

18

19

20

21

22

23

24

25

26

27

Plaintiffs' Opposition to Berntsen's Motion to Exclude
Knezovich Testimony - i
No. 3:19-cv-05106-RBL

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................... 1

II. FACTUAL BACKGROUND ................................................................................. 2

    A.  Director Berntsen Initially Relied on "Legislative Facts" ........................... 2

    B.  Designating Knezovich as an Expert ........................................................ 2

    C.  The Deposition of Sheriff Knezovich ........................................................ 3

    D.  The Defendants Complain that Disclosure Was Incomplete ...................... 4

III. ARGUMENT ..................................................................................................... 5

    A.  This Motion in Limine Should be Denied .................................................. 5

    B.  All Required Disclosure Has Been Produced and the Testimony is Admissible ......... 5

    C.  Not All Expert Testimony Requires *Daubert* Qualification ....................... 6

        1.  Bench Trials Reduce the Need for the "Gatekeeper" Function .................... 7

        2.  Trial Judges Have Discretion to Apply FRE 702 to Expert Testimony ........... 7

    D.  Sheriff Knezovich Testified Based on Personal Knowledge in Addition to Offering Opinions as an Expert ..................... 8

IV. CONCLUSION ................................................................................................... 8

PLAINTIFFS' OPPOSITION TO BERNTSEN'S MOTION TO EXCLUDE
KNEZOVICH TESTIMONY - ii
No. 3:19-cv-05106-RBL

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

# I.   INTRODUCTION

In this lawsuit, Plaintiffs seek a declaration from this Court that Initiative 1639 ("I-1639"), codified at Chapter 9.41 RCW, violates the Plaintiffs' Second Amendment rights as well as the Interstate Commerce Clause. In order to prepare for the dispositive motions that are currently being briefed, Plaintiffs attempted to learn what defenses the State would offer to avoid the conclusion that I-1639 imposed impermissible burdens on Plaintiffs' constitutional rights. Lacking responses to its discovery requests, Plaintiffs disclosed only two experts: a firearms expert (Hugh Foskey) and a county sheriff familiar with firearms regulation and crime prevention. Both experts were deposed.

The State has now challenged the admissibility of the testimony of Sheriff Ozzie Knezovich. The State filed this motion prior to receiving Plaintiffs' Motion for Summary Judgment, which does not rely on the testimony of Sheriff Knezovich, whose testimony may yet be offered as rebuttal to the expert testimony offered by the Defendants. Until the scope of Sheriff Knezovich's testimony can be determined, this Court should deny the Motion to Exclude[1] and determine the question of admissibility at such time as the testimony is offered when the question can be analyzed in its proper context.

Sheriff Ozzie Knezovich is a mixed fact/expert witness. As Sheriff of Spokane County for over 14 years and as a Training Sargent for ten years before that, Sheriff Knezovich has first-hand knowledge of many issues directly relevant to this case, such as the lawful and unlawful use of various weapons, the choices made by both criminals and law-abiding citizens, and the types of policies that influence the likelihood that criminals will commit acts of violence. For example, when Sheriff Knezovich describes school shootings, he is describing his personal experience face-to-face with victims and assailants. In addition to his testimony concerning the facts of this case, Sheriff Knezovich will likely also be offering rebuttal expert opinions. He is qualified as an expert witness on issues related to the criminal justice system and the lawful and unlawful use of firearms by

---

[1] The denial could, of course, be entered without prejudice should the Court be willing to entertain a renewed motion at a later date.

Plaintiffs' Opposition to Berntsen's Motion to Exclude
Knezovich Testimony - 1
No. 3:19-cv-05106-RBL

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

citizens. Defendants attack Sheriff Knezovich's credibility and qualifications by claiming he is not a social scientist. Their description is accurate—he is a Sheriff, not an accountant or economist. His days are spent addressing real crime and real self-defense situations. What the Defense meant as an attack on the admissibility of his testimony actually serves to support it. The Court will undoubtedly hear from professors or psychologists opining about crime control based on what they have read in the University library; the Court should also hear from a man who has actually been on the front lines of crime prevention for decades.

Defendant's motion should be denied for three reasons:

1. Sheriff Knezovich is a mixed fact-expert witness, and his testimony was not offered in Plaintiff's case-in-chief.

2. Testimony from witnesses like Sheriff Knezovich is not subject to *Daubert* analysis.

3. Expert testimony may be based on actual experience, rather than on speculation by professors and psychologists who have no direct experience in the criminal justice system.

## II.   FACTUAL BACKGROUND

### A.  Director Berntsen Initially Relied on "Legislative Facts"

Plaintiffs served discovery requests on Director Berntsen in order to determine what defenses she planned to present, and whether she had evidence that would challenge the application of the criteria for Second Amendment protection established in *District of Columbia v. Heller*, 554 U.S. 570, 625 (2008). In response to these discovery requests, the Director objected. She sought a protective order, characterizing this case as one in which the parties would "rely upon case law, statutory interpretation, and legislative facts ascertainable to all parties, such as statistics maintained by the federal government and social science." ECF 53, 7:2-4.

### B.  Designating Knezovich as an Expert

Anticipating that, despite this narrowing characterization of the relevant evidence, the State would likely rely on expert testimony that touched on both the alleged benefits from I-1639 and that would challenge the application of the *Heller* criteria, Plaintiffs approached Sheriff

Plaintiffs' Opposition to Berntsen's Motion to Exclude
Knezovich Testimony - 2
No. 3:19-cv-05106-RBL

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  Knezovich in the hope that he would be willing to testify as to his experience regarding semi-

2  automatic rifles and the likelihood that the restrictions contained in I-1639 would assist in the goal

3  of crime prevention.

4         Plaintiffs were unsure whether Sheriff Knezovich's testimony could be based simply on his

5  own personal knowledge as a career law enforcement officer and his experience as the chief law

6  enforcement officer for one of most populous counties in the State, or whether he should be

7  identified as an expert. In an abundance of caution, Plaintiffs disclosed Sheriff Knezovich as an

8  expert and provided the Defendants with a copy of his Report.

9         Sheriff Knezovich's Report addressed two basic topics: first, his familiarity with semi-

10 automatic rifles and why they are common and used by law-abiding persons for lawful purposes.

11 Second, in anticipation that the State would offer policy reasons for imposing the restrictions on

12 the purchase and ownership of semi-automatic rifles, Sheriff Knezovich expressed his opinion

13 regarding the likelihood that I-1639 would not aid in crime prevention.

14        **C.  The Deposition of Sheriff Knezovich**

15        Sheriff Knezovich was deposed on February 4, 2020. Sheriff Knezovich had never testified

16 as an expert witness before. Declaration of Matthew C. Albrecht (Albrecht Decl.), Ex. A

17 (Knezovich Dep. 33:1-3). Moreover, his testimony was different from the testimony that is

18 typically provided by an expert. In the typical case, the expert is called upon to arrive at a

19 conclusion about a contested factual matter. For example, in an automobile collision case, an expert

20 may testify as to the likelihood that the collision was caused by excessive speed. *Marks v. Mobile*

21 *Oil Corp.*, 562 F. Supp. 759 (E.D. Pa. 1983). In such a case the expert will be given data, such as

22 photographs taken of the roadway immediately after the accident, the testimony of witnesses, and

23 photographs of the vehicle when it came to rest. Based upon the application of the scientific

24 methods and principles employed by the expert and others in the same field, the expert arrives at

25 a conclusion as to the cause of the accident. Where experts form different opinions concerning

26 such key factual issues, it is left to the jury or the finder of fact to resolve the factual dispute.

27

PLAINTIFFS' OPPOSITION TO BERNTSEN'S MOTION TO EXCLUDE
KNEZOVICH TESTIMONY - 3
No. 3:19-cv-05106-RBL

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Sheriff Knezovich's testimony in this case is quite different. At stake in this case is whether the restrictions on Plaintiffs' Second Amendment rights can be justified as a legitimate exercise of legislative power. Defendants will undoubtedly argue that there is a compelling justification for the restrictions in I-1639. They have designated experts who have testified that they believe I-1639 to be beneficial as a crime control measure. But there is no defined expertise or scientific method for estimating the likelihood that a crime control method or policy will result in a reduction of a particular type of crime. Albrecht Decl., Ex. A (Knezovich Dep. 52:22-53:6). Nor did Sheriff Knezovich base his opinion on assumptions or data about this particular case provided by counsel. *See* Albrecht Decl., Ex. A (Knezovich Dep. 36:12-14). Instead, Sheriff Knezovich was asked to testify concerning the facts either known to him from personal observation, or opinions which he formed as part of his ongoing responsibilities a law enforcement officer.

Prior to preparing his report and prior to his deposition, Sheriff Knezovich provided information to counsel concerning the testimony he was likely to offer. Sheriff Knezovich used various reports and documents to illustrate or support the opinions he had previously expressed in his Report, or which he thought might be the subject of his deposition. All of the documents were publicly available information. Opposing counsel objected that such information should have been provided prior to the deposition, but because they were primarily gathered by the witness as part of his reviewing *other* expert opinions for the purpose of any rebuttal he might be asked to provide they were not provided by the witness to Plaintiff's counsel a few days prior to his deposition. As quickly as possible, the electronic records were indexed and printed so they could be provided prior to Knezovitch's deposition. Opposing counsel was given an opportunity at that time to examine the witness as to what, if any, impact those documents had on his opinion. Defense counsel did not ask for any follow-up deposition, nor did they follow up in any manner at all until March 6, 2020.

**D.  The Defendants Complain that Disclosure Was Incomplete**

Following the deposition of Sheriff Knezovich, Defendants demanded additional documents. On March 6, 2020, counsel for Director Berntsen sent an email to Plaintiffs' counsel requesting a "meet and confer" on the following business day to address their intention to move

Plaintiffs' Opposition to Berntsen's Motion to Exclude
Knezovich Testimony - 4
No. 3:19-cv-05106-RBL

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

to exclude Knezovich as a witness. Berntsen's counsel demanded this meeting on one day's notice because they had waited a month before raising it—just days before the Plaintiffs' summary judgment briefing was due. Nonetheless, Plaintiffs' counsel responded on March 9, 2020 after conducting a thorough document review to confirm that all of the documents subject to disclosure had already been produced. Albrecht Decl. ¶ 2.

### III.   ARGUMENT

#### A.  This Motion in Limine Should be Denied

Defendants' motion is in effect a motion in limine, because Sheriff Knezovich's testimony has not been offered; if it is offered it will be rebuttal testimony, consisting of both fact and expert testimony. Motions in limine should be denied where the admissibility of the disputed evidence can best be evaluated after the case has been more fully developed. *In re Depakote*, 87 F. Supp. 3d 916 (S.D. Ill. 2015). Denial of the motion does not prejudice the moving party, since it can be renewed later. *Id.* Moreover, motions in limine are generally inappropriate in a bench trial. *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001).

#### B.  All Required Disclosure Has Been Produced and the Testimony is Admissible

Defendants ask this Court to exclude the testimony of Sheriff Knezovich, who may be called as a rebuttal witness. Defendants claim that Plaintiffs failed to produce discoverable documents that are necessary for them to respond to such testimony. Yet the documents requested by Defendants are not subject to discovery, as Plaintiffs' counsel pointed out in the letter of March 9, 2020:

> Under FRCP 26(b)(3)(A) and (B) and FRCP 26(b)(4)(B) and (C), communications between the party's attorney and any witness are protected unless the communication relates to:
> - (i) compensation for the expert's study or testimony;
> - (ii) facts or data provided by the attorney to the expert considered in forming the opinion; or
> - (iii) assumptions that the attorney provided and the expert relied on in forming the opinion.
>
> *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 (9th Cir. 2014).

PLAINTIFFS' OPPOSITION TO BERNTSEN'S MOTION TO EXCLUDE
KNEZOVICH TESTIMONY - 5
No. 3:19-cv-05106-RBL

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Nor was this a surprise to Defendant's counsel, who, despite claiming in its motion that "discoverable" documents have not been produced, was already well aware the emails being demanded are *not* discoverable because they fit squarely in the privilege described by FRCP 26 and *Republic of Ecuador*. Knezovich testified to this in his deposition: "I don't recall Mr. Albrecht sending me any material. I think it's my job to send him the material." Albrecht Decl., Ex. A (Knezovich Dep. 36:13-14). He also testified that nobody told him what to say, nor would he have listened to them if they had. Albrecht Decl., Ex. A (Knezovich Dep. 203:10-23).

Plaintiffs have produced to Defendants all discoverable documents related to Sheriff Knezovich's testimony. Moreover, the remedy requested by Defendants—exclusion of the testimony altogether—is inappropriate in light of the nature of the testimony being offered. It lies within the sound discretion of the trial court to determine whether a rebuttal witness should be allowed to testify. *Soo Line R.R. Co. v. Werner Enters*, 8 F. Supp. 3d 1130, 1138 (D. Minn. 2014). The test for whether a rebuttal witness should be allowed to testify is whether the witness is addressing claims made by the opposing party, and whether there has been sufficient disclosure to permit the opposing party to learn in advance how the witness will testify. *Id.* In this case Plaintiffs have more than satisfied the requirement of adequate advance notice[2], and the question of whether the witness' testimony will be helpful to the trial court to determine the merits of the case cannot be determined until the testimony is actually offered to rebut the Defendants' experts.

### C.  Not All Expert Testimony Requires *Daubert* Qualification

Defendants mistakenly cite *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as though the expert testimony in this case required an application of *Daubert* to determine the admissibility of Sheriff Knezovich's testimony. District courts are directed to apply *Daubert* to prevent the confusion of juries by "junk science." *Somerlott v. McNeilus Truck & Mfg. Inc.*, No. C16-789-MJP, 2017 WL 6459039 (W.D. Wash. Dec. 18, 2017). For a variety of reasons, the concerns giving rise to *Daubert* scrutiny do not apply in this case. In any event, admissibility can

---

[2] Rebuttal documents were promptly produced to Defense Counsel pursuant to FRCP 26(a)(2)(D)(ii).

PLAINTIFFS' OPPOSITION TO BERNTSEN'S MOTION TO EXCLUDE
KNEZOVICH TESTIMONY - 6
No. 3:19-cv-05106-RBL

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

only properly be evaluated in light of the actual testimony offered, which is at this date unknown because Defendants have not yet filed their summary judgment motion nor identified what expert opinions or other evidence they might put forward.

### 1.   Bench Trials Reduce the Need for the "Gatekeeper" Function

*Daubert* requires trial judges to act as gatekeepers where experts offer testimony based on *novel* scientific methods or disciplines. In a bench trial, the gatekeeper function is less important. *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018) ("When the district court sits as the finder of fact, there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself" (internal quotations omitted)). Instead of making advance determinations of admissibility, trial judges can incorporate challenges to expert testimony by assigning little to no weight to testimony that lacks proper foundation.

Moreover, this case is unlike the typical case in which the outcome hinges on the resolution of disputed facts—such as whether the defendant used reasonable care, or whether the defendant's product caused plaintiff's illness. Instead, this case requires the application of constitutional principles to particular features of I-1639. Defendants have invited this Court to look to "legislative facts" and secondary sources to determine constitutionality. In addition, the experts designated by the Defendants have offered testimony that extrapolates from known disciplines like medicine to arrive at speculative opinions about effective crime control. If there is any risk that the Court will be misled by "junk science," it is not from the witnesses proffered by Plaintiffs.

### 2.   Trial Judges Have Discretion to Apply FRE 702 to Expert Testimony

Defendants correctly point out that the *Daubert* inquiry is a component of the evaluation of Federal Rules of Evidence 702. Indeed, it is well established that trial judges have broad discretion to determine the admissibility of expert testimony. *Cypress Insurance Company v. SK Hynix America, Inc.* 2019 WL 634684 (W.D. Wash. 2019). As noted previously, the test is whether the proffered testimony is sufficiently reliable so that it will help the trier of fact resolve the disputed issues in the case. Where, as in this case, there can be no prejudice to the defendants from

Plaintiffs' Opposition to Berntsen's Motion to Exclude
Knezovich Testimony - 7
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  postponing the determination of admissibility until the evidence is actually offered, the motion to

2  exclude it should be denied.

3     **D.  Sheriff Knezovich Testified Based on Personal Knowledge in Addition to**

4         **Offering Opinions as an Expert**

5         As noted above, Plaintiffs exercised an abundance of caution by identifying Sheriff

6  Knezovich as an expert; much of his testimony is admissible based upon his own personal

7  knowledge. Although it was not cited in Plaintiffs' Motion for Summary Judgment, it may be

8  relevant as rebuttal evidence in subsequent pleadings.

9         As a law enforcement officer who supervises the training and equipping of his own law

10 enforcement officers, and who is responsible for the enforcement of firearms regulation within

11 Spokane County, Sheriff Knezovich observes the types of firearms that Spokane County residents

12 own and the uses to which they put those firearms. *See* Albrecht Decl., Ex. A (Knezovich Dep.

13 66:10-70:25). It does not require expert knowledge to be able to observe that semi-automatic rifles

14 are "in common use" in Spokane County. Moreover, because Sheriff Knezovich meets frequently

15 with other law enforcement officers from other parts of Washington State as a member and past

16 president of the Washington Association of Sheriffs and Police Chiefs, Albrecht Decl., Ex. A

17 (Knezovich Dep. 21:24-22:16), he has occasion to identify similarities and differences in the

18 ownership of firearms in other parts of Washington State. Even if this Court were to assign limited

19 weight to his testimony as an expert in response to the evidence proffered by Defendants to support

20 their Motion for Summary Judgment or to Defendants' Opposition to Plaintiffs' Motion, Sheriff

21 Knezovich's testimony is admissible to the extent he testifies from personal knowledge.

22 **IV.  CONCLUSION**

23        Director Berntsen brought a motion to exclude Sheriff Knezovich's testimony in the

24 mistaken assumption that it would be offered to support Plaintiffs' Motion for Summary Judgment.

25 If his testimony may be offered to rebut testimony offered by Director Berntsen, that testimony

26 will be based in part on his personal knowledge of many of the subjects addressed. To the extent it

27

PLAINTIFFS' OPPOSITION TO BERNTSEN'S MOTION TO EXCLUDE
KNEZOVICH TESTIMONY - 8
No. 3:19-cv-05106-RBL

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1 would require qualification as expert testimony, it is admissible under FRE 702. The motion to

2 exclude should be denied.

3 March 23, 2020.

4                                         Ard Law Group PLLC

5                                         By: _____

6                                         Joel B. Ard, WSBA # 40104

7                                         P.O. Box 11633

8                                         Bainbridge Island, WA 98110

9                                         (206) 701-9243

                                          Attorneys for Plaintiffs

10

11                                        Albrecht Law PLLC

12                                        By: _____

                                          Matthew C. Albrecht, WSBA #36801

13                                        David K. DeWolf, WSBA #10875

14                                        421 W. Riverside Ave., Ste. 614

                                          Spokane, WA 99201

15                                        (509) 495-1246

16                                        Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

Plaintiffs' Opposition to Berntsen's Motion to Exclude
Knezovich Testimony - 9
No. 3:19-cv-05106-RBL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1

## CERTIFICATE OF SERVICE

2      I certify under penalty of perjury under the laws of the United States of America that on

3  March 23, 2020, I filed the foregoing Opposition to Motion To Exclude in *Mitchell v. Atkins*, No.

4  No. 3:19-cv-05106 with the Court's CM/ECF system, which will give notice to all parties and

5  counsel of record.

6                      ARD LAW GROUP PLLC

7

8              By

9

10                   Joel B. Ard, WSBA # 40104
                     P.O. Box 11633
11                   Bainbridge Island, WA 98110
                     (206) 701-9243
12                   Joel@Ard.law

13                   Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27