1

2

3

4

5

6                                                     The Honorable Ronald B. Leighton

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT TACOMA

9    DANIEL MITCHELL, et al.,                 NO. 3:19-cv-5106

10                  Plaintiffs,

11         v.                                 REPLY IN SUPPORT OF
                                              DEFENDANT
                                              TERESA BERNTSEN'S MOTION
12   CHARLES ATKINS, et al.,                  TO EXCLUDE EXPERT
                                              TESTIMONY OF SHERIFF
13                  Defendants,               OZZIE KNEZOVICH

14         and                                **NOTED FOR MARCH 27, 2020
                                              WITHOUT ORAL ARGUMENT**
15   SAFE SCHOOLS SAFE COMMUNITIES,

16                  Intervenor-Defendant.

17

18

19

20

21

22

23

24

25

26

REPLY IN SUPPORT OF DEFENDANT
TERESA BERNTSEN'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF
SHERIFF OZZIE KNEZOVICH
NO. 3:19-cv-5106

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT IN REPLY ..................................................................................... 1

      A.   Plaintiffs' Untimely Disclosure Requires Exclusion of the Sheriff's Testimony ..... 1

           1.   The Sheriff's emails with Plaintiffs' counsel should have been either
                produced or entered on a privilege log ............................................................ 2

           2.   The Sheriff has not been properly designated as a rebuttal expert.................... 2

      B.   The Sheriff's Testimony Is Unreliable ................................................................. 4

           1.   The Court's gatekeeping obligation applies .................................................... 4

           2.   The Sheriff's proposed testimony far exceeds the scope of a fact witness........ 5

III.  CONCLUSION.................................................................................................... 6

## I.    INTRODUCTION

Plaintiffs' Opposition, Dkt. 80, which now describes Sheriff Ozzie Knezovich (the "Sheriff") as a rebuttal expert, underscores how Plaintiffs' non-disclosure of facts, data, and other information concerning his proposed testimony continues to unfairly surprise Defendant Teresa Berntsen, Director of the Department of Licensing (the "Director"). And despite Plaintiffs' efforts to raze the "gate" of Federal Rule of Evidence 702, the Sheriff's testimony remains too unreliable to consider at any stage of this litigation. It should be excluded.

## II.    ARGUMENT IN REPLY

### A.    Plaintiffs' Untimely Disclosure Requires Exclusion of the Sheriff's Testimony

Two simple facts are sufficient grounds on which to grant this motion. First, it is undisputed that Plaintiffs did not timely disclose hundreds of pages of material that the Sheriff admits having considered in preparing his Report. *See* Dkt. 80 at 4, 6–7; *see, e.g.*, Dkt. 78 (Jones Decl.), Ex. B (Knezovich Dep. 52:13–16) ("Q. And those are . . . the documents you considered in preparation of your report?  A. Yes."). Plaintiffs were required to identify those documents by the expert disclosure deadline. Fed. R. Civ. P. 26(a)(2)(B)(ii). Instead, they handed them to Defendants' counsel at the Sheriff's deposition. That disclosure was untimely.

Second, Plaintiffs' noncompliance was also unjustified and prejudiced the Director. Plaintiffs do not even attempt to argue that their untimely disclosure was either "substantially justified" or "harmless." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). Nor could they. Plaintiffs' nondisclosure was egregious, depriving Defendants of virtually all the facts or data underlying the Sheriff's Report until the day of his deposition.[1] Thus, if the Court agrees that Plaintiffs did not comply with Rule 26(a), it should exclude the Sheriff's Report and testimony. *See* Fed. R. Civ. P. 37(c)(1).

---

[1] To the extent Plaintiffs' position is that their nondisclosure was harmless because the documents the Sheriff had considered were "publicly available," Dkt. 80 at 4, it is not well-taken. *See, e.g., Whitford v. Mt. Baker Ski Area, Inc.*, No. C11-00112RSM, 2012 WL 895383, at *5 (W.D. Wash. Mar. 15, 2012) (excluding expert testimony because all material considered by expert must be disclosed, "[e]ven though a document may be public").

REPLY IN SUPPORT OF DEFENDANT
TERESA BERNTSEN'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF
SHERIFF OZZIE KNEZOVICH
NO. 3:19-cv-5106

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1.  **The Sheriff's emails with Plaintiffs' counsel should have been either produced or entered on a privilege log**

Plaintiffs seem to suggest that, because the Sheriff emailed Plaintiffs' counsel some or all of the "facts or data" he considered in preparing his Report, that information became shielded from discovery. *See* Dkt. 80 at 7–8. This is a fundamental misunderstanding of the work product doctrine, which does not protect underlying facts or data that do not reveal an attorney's mental impressions. *See, e.g.*, *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 644 (E.D. Cal. 2014). Were Plaintiffs' theory correct, a party could shield all information considered simply by asking an expert to email counsel the materials.

The point is not that the Sheriff's emails necessarily needed to be disclosed in their entirety. It is that they put Plaintiffs' counsel on notice that they had not complied with Rule 26(a)(2)(B)(ii). *See* Dkt. 80 at 8 (quoting the Sheriff as saying "it's my job to send [counsel] the material" he consulted). Even if parts of those emails would be protected from disclosure, the e-mails were required to be included on a privilege log so that Defendants could evaluate Plaintiffs' privilege claim. Fed. R. Civ. P. 26(b)(5)(A); *see PacifiCorp v. Nw. Pipeline GP*, No. 3:10-CV-00099-PK, 2013 WL 12433263, at *4 (D. Or. Feb. 8, 2013). Defendants specifically requested such communications in written discovery. Jones Decl., Ex. I; Selby Decl. ¶ 3.

And, of course, even if the Sheriff had not sent to counsel some or all of the materials he considered in preparing his Report, Plaintiffs had an obligation to ensure that such materials were disclosed for the Sheriff's testimony to be admissible. The disclosure to counsel goes to the issue of justification, for which there is none.

2.  **The Sheriff has not been properly designated as a rebuttal expert**

Plaintiffs muddy the waters by arguing that the Sheriff, after being disclosed as an expert in Plaintiffs' case-in-chief, is in fact either a rebuttal expert, a percipient witness, or both. *See* Dkt. 80 at 7, 10. He is not a rebuttal expert, and the Court should preclude Plaintiffs from offering his testimony as such.

REPLY IN SUPPORT OF DEFENDANT
TERESA BERNTSEN'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF
SHERIFF OZZIE KNEZOVICH
NO. 3:19-cv-5106

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) states that expert rebuttal testimony "is intended solely to contradict or rebut [expert] evidence on the same subject matter identified by another party." The case law is clear that a party may not use a rebuttal expert to introduce evidence relevant to its case in chief. *See, e.g.*, *Holen v. Jozic*, No. C17-1147JLR, 2018 WL 5761775, at *2 (W.D. Wash. Nov. 2, 2018); *Theoharis v. Rongen*, No. C13-1345RAJ, 2014 WL 3563386, at *4 (W.D. Wash. July 18, 2014).[2] Plaintiffs' position that the Sheriff's testimony can be "offered as rebuttal to the expert testimony offered by the Defendants" makes little sense. Dkt. 80 at 3. Plaintiffs did not notice the Sheriff as a rebuttal expert under Rule 26(a)(2)(D)(ii), which states that notice must be given "within 30 days of the other party's disclosure" of expert testimony. Instead the Sheriff's Report was provided on December 18, 2019, Jones Decl., Ex. A, at 10, the same day that Defendant Berntsen disclosed her experts, Selby Decl. ¶ 2. (The other Defendants did not disclose experts.) *Id.* He could not have been rebutting Defendants' evidence because, at that time, he did not have access to such evidence.

Perhaps Plaintiffs mean to suggest that the Sheriff was anticipating the testimony of Defendants' experts. Courts have recognized that anticipated rebuttal may *sometimes* be appropriate, but only where the party offering the evidence does not bear the burden of proof. *See, e.g.*, *Theoharis*, 2014 WL 3563386, at *4; *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktbolaget LM Ericsson*, No. CV 15-02370 JVS, 2016 WL 7042085, at *4 (C.D. Cal. Aug. 17, 2016). Here, it is clear that the Sheriff's conclusions are intended to reinforce essentially statistical arguments that Plaintiffs believe are relevant to an analysis under the Supreme Court's framework in *Heller*, *see* Dkt. 80 at 4–5. And given "the presumption of constitutionality to which every duly enacted state and federal law is entitled," *Town of Lockport v. Citizens for Cmty. Action at Local Level, Inc.*, 430 U.S. 259, 272 (1977), the Plaintiffs who brought this case bear the burden with respect to the topics addressed by the

---

[2] In addition, a party may not use a rebuttal expert to attack legal arguments made by opposing counsel. *Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2018 WL 3328418, at *11 (W.D. Wash. June 25, 2018), *aff'd*, No. 18-35791, --- F. App'x ---, 2019 WL 7176331 (9th Cir. Dec. 24, 2019).

REPLY IN SUPPORT OF DEFENDANT
TERESA BERNTSEN'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF
SHERIFF OZZIE KNEZOVICH
NO. 3:19-cv-5106

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Sheriff. Thus, the Sheriff's testimony in fact pertains to Plaintiffs' case-in-chief. Finally, even if the Report could be used to rebut Defendants' forthcoming summary judgment motion, Plaintiffs would still need to identify how that portion specifically "rebuts or contradicts" expert evidence actually relied upon by Defendants. *See Theoharis*, 2014 WL 3563386, at *4.

The Sheriff's testimony was not intended to be, and is not, a proper rebuttal to Defendant Berntsen's experts.

**B.      The Sheriff's Testimony Is Unreliable**

**1.      The Court's gatekeeping obligation applies**

The Supreme Court has held that the "basic gatekeeping obligation . . . applies to all expert testimony." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). While the specific *Daubert* factors are not always required, *see Speicher v. Union Pac. R.R.*, No. C07-05524 RBL, 2009 WL 250026, at *3 (W.D. Wash. Feb. 2, 2009), they may often "help to evaluate the reliability even of experience-based testimony" such as (purportedly) the Sheriff's, *Kumho Tire Co.*, 526 U.S. at 151. In fact, given the social scientific nature of the Sheriff's testimony, *see* Def. Mot., Dkt. 77 at 9–10, some of the *Daubert* factors aptly reveal the unreliability of his opinions. For example, Plaintiffs cite the Sheriff's deposition testimony for the proposition that "there is no defined expertise or scientific method for estimating the likelihood that a crime control method or policy will result in a reduction of a particular type of crime." Dkt. 80 at 4 (citing Albrecht Decl., Ex. A (Knezovich Dep. 52:22-53:6)). But the cited testimony does not support this proposition at all, and only serves to demonstrate that the Sheriff has no idea whether the subjects he opines on are susceptible to, for example, hypothesis testing. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593 (1993). At a minimum, under *Daubert* and Rule 702, the Court must still ensure that the testimony is sufficiently reliable, even in the context of a bench trial.[3] *See, e.g., United States v. Flores*, 901

---

[3] Plaintiffs imply that the Defendant's Motion is a premature and "inappropriate" motion in limine. Dkt. 80 at 7. But the Sheriff was designated as an expert, and Defendant Berntsen was required to file any challenge to his testimony by the deadline for dispositive motions, which was March 10, 2020. *See* LCR 16(b)(4).

REPLY IN SUPPORT OF DEFENDANT
TERESA BERNTSEN'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF
SHERIFF OZZIE KNEZOVICH
NO. 3:19-cv-5106

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

F.3d 1150, 1165 (9th Cir. 2018).[4] Finally, Plaintiffs' implication that the Court need not perform a Rule 702 analysis because *Defendants*' experts are misleading, where Plaintiffs failed to actually file a motion with regard to any of Defendants' experts, is wrong on its face. *See* Dkt. 80 at 9.

### 2. The Sheriff's proposed testimony far exceeds the scope of a fact witness

With regard to Plaintiffs' confusing claim that the Sheriff's testimony could be based "simply on his own personal knowledge," *see* Dkt. 80 at 5, rather than on a reliable expert methodology, the response is straightforward: if the Sheriff is only going to be testifying about facts about which he has direct personal knowledge, then most if not all of the proposed testimony and conclusions in his Report are inadmissible.

The first two topics addressed by the Sheriff are plainly statistical, though Plaintiffs now claim he is merely extrapolating his "personal knowledge" across the entire State. *See, e.g.*, Dkt. 80 at 10 (asserting that the Sheriff can offer conclusions as to "similarities and differences in the ownership of firearms in other parts of Washington State" because he meets with law enforcement officers from other parts of the State).[5] To the contrary, the Sheriff's conclusions are based in large part on attempted social scientific research. For example, his Report cites a (single) statistic to draw a conclusion about the use of rifles statewide. Jones Decl., Ex A, at 8. (It should go without saying that statistical facts the Sheriff read or heard about are not thereby transmuted into "personal" knowledge.) To the extent he does rely on personal experience, it is too limited and subjective to permit generalization. For example, in his deposition, the Sheriff supports a conclusion in his Report regarding the prevalence of ownership of multiple firearms by: (1) stating that "[m]ost of the people I know own several

---

[4] To the extent Plaintiffs suggest the Court may simply assign "no weight" to the Sheriff's Report and testimony at the summary judgment stage, Defendant Berntsen agrees. *See* Dkt. 80 at 9. The Court need not issue a separate ruling on this question and could incorporate its gatekeeping analysis into any summary judgment ruling it issues. But to the extent Plaintiffs argue that the Court may give even a "little" weight to the Sheriff's expert testimony without assessing the reliability of the evidence, *see id.*, Plaintiffs are wrong under *Kumho*.

[5] If Plaintiffs are suggesting that the Sheriff's conversations with other law enforcement officers form an important basis of his expertise, these conversations are yet additional "facts or data" that were not disclosed.

REPLY IN SUPPORT OF DEFENDANT
TERESA BERNTSEN'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF
SHERIFF OZZIE KNEZOVICH
NO. 3:19-cv-5106

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

firearms," (2) asserting—despite his lack of qualifications in analysis of published firearms data—that "[n]o one knows exactly how [the data] breaks down," and (3) citing to what he "believe[d]" a government report, which he failed to timely disclose, said about only one sub-group ("youth in rural areas"). Selby Decl., Ex. A (Knezovich Dep. 84:16–85:15).

As to the third topic, concerning the likely effects of the challenged law, his conclusion is plainly not based on percipient knowledge but rather on his subjective analysis or, as he put it, "use of logic" and "research." *See* Jones Decl., Ex. B (Knezovich Dep. 53:5, 53:24). To take only one example, the Sheriff relies largely on the availability of background checks to support his broad conclusion. *See* Jones Decl., Ex. A, at 9–10. But he conceded under deposition that background checks for Spokane County are contracted out to the City of Spokane, and that he had only a "rudimentary" personal knowledge of how they were conducted. *See* Selby Decl., Ex. A (Knezovich Dep. 104:23–105:25). His testimony is not based on personal knowledge.

In sum, Plaintiffs cannot use the Sheriff's subjective experiences and statistically unreliable "methods" to arrive at sweeping conclusions of a social scientific nature. Because his methods are unreliable, for reasons explained in Defendant Berntsen's Motion, the Sheriff's Report and testimony should be excluded.

### III.   CONCLUSION

The Director respectfully requests that the Court exclude Sheriff Knezovich as an expert witness and prohibit Plaintiffs from relying on his Report or testimony.

REPLY IN SUPPORT OF DEFENDANT
TERESA BERNTSEN'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF
SHERIFF OZZIE KNEZOVICH
NO. 3:19-cv-5106

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    DATED this 27th day of March 2020.

2                                   ROBERT W. FERGUSON
                                     *Attorney General*
3

4                                   NOAH G. PURCELL, WSBA No. 43492
                                     *Solicitor General*
5
                                     *s/ Brendan Selby*
6                                   JEFFREY T. EVEN, WSBA No. 20367
                                     Deputy Solicitor General
7                                   jeffrey.even@atg.wa.gov

8                                   ZACHARY PEKELIS JONES, WSBA No. 44557
                                     R. JULY SIMPSON, WSBA No. 45869
9                                   BRENDAN SELBY, WSBA No. 55325
                                     Assistant Attorneys General
10                                  Complex Litigation Division
                                     zach.jones@atg.wa.gov
11                                  july.simpson@atg.wa.gov
                                     brendan.selby@atg.wa.gov
12

13                                  DIONNE PADILLA-HUDDLESTON, WSBA No. 38356
                                     Assistant Attorney General
14                                  Licensing and Administrative Law Division
                                     dionnep@atg.wa.gov; lalseaef@atg.wa.gov
15

16                                  800 Fifth Avenue, Suite 2000
                                     Seattle, WA 98104-3188
17

18                                  *Attorneys for Defendant Teresa Berntsen*

19

20

21

22

23

24

25

26