The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL MITCHELL, ROBIN BALL, LUKE RETTMER, NATHANIEL CASEY, MATTHEW WALD, SECOND AMENDMENT FOUNDATION, AND NATIONAL RIFLE ASSOCIATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHUCK ATKINS, in his official capacity as the Sheriff of Clark County, Washington, CRAIG MEIDL, in his official capacity as the Chief of Police of Spokane, Washington, and TERESA BERNTSEN, in her official capacity as the director of the Washington State Department of Licensing,<br><br>*Defendants,*<br><br>and<br><br>SAFE SCHOOLS SAFE COMMUNITIES,<br><br>*Defendant-Intervenor.* | NO. 3:19-CV-05106-RBL<br><br>**MOTION OF *AMICI CURIAE* GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE AND BRADY FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**April 24, 2020** |

MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF BY GIFFORDS LAW CENTER AND BRADY NO. 3:19-CV-05106-RBL

DAVIS WRIGHT TREMAINE
920 5th Ave., Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Fax: (206) 757-7700

1. Giffords Law Center to Prevent Gun Violence ("Giffords Law Center")[1] and Brady (together, "the *Amici*") respectfully move for leave to file the attached *Amicus* Brief and supporting Declaration of Bonnie MacNaughton, in support of Defendants and Intervenor-Defendant's Motion for Summary Judgment, Dkt. 84.  Defendants consent to this Motion; Plaintiffs do not consent.

2. *Amicus curiae* Giffords Law Center is a non-profit policy organization dedicated to researching, writing, enacting, and defending laws and programs proven to effectively reduce gun violence.  The organization was founded more than a quarter-century ago following a gun massacre at a San Francisco law firm and was renamed Giffords Law Center in October 2017 after joining forces with the gun-safety organization founded by former Congresswoman Gabrielle Giffords.  Today, Giffords Law Center provides free assistance and expertise to lawmakers, advocates, legal professionals, law enforcement officials, and citizens who seek to improve the safety of their communities.  Giffords Law Center has provided informed analysis as an *amicus* in many firearm-related cases, including in *Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 417 F. Supp. 3d 747 (W.D. Va. 2019), *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, 561 U.S. 742 (2010), *Fyock v. City of Sunnyvale*, 779 F.3d 991 (9th Cir. 2015), and *Teixeira v. County of Alameda*, 873 F.3d 670 (9th Cir. 2017) (*en banc*).[2]

3. *Amicus curiae* Brady (formerly the Brady Center to Prevent Gun Violence) is a non-profit organization dedicated to reducing gun violence through education, research, and legal advocacy.  Brady has a substantial interest in ensuring that the Constitution and state laws are properly interpreted to allow strong government action to prevent gun violence.  Through its

---

[1] Giffornds Law Center was previously named Law Center to Prevent Gun Violence, and Legal Community Against Violence.

[2] Several courts have cited research and information from Giffords Law Center's *amicus* briefs in Second Amendment rulings.  *E.g.*, *Hirschfeld*, 417 F. Supp. 3d at 754, 759; *Ass'n of N.J. Rifle & Pistol Clubs* v. *Attorney Gen. N.J.*, 910 F.3d 106, 121-22 (3d Cir. 2018); *Md. Shall Issue* v. *Hogan*, 353 F. Supp. 3d 400, 403-05 (D. Md. 2018); *Stimmel* v. *Sessions*, 879 F.3d 198, 204, 208, 210 (6th Cir. 2018); *Peruta* v. *County of San Diego*, 824 F.3d 919, 943 (9th Cir. 2016) (*en banc*) (Graber, J., concurring).

MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF BY GIFFORDS LAW CENTER AND BRADY NO. 3:19-CV-05106-RBD - 1

DAVIS WRIGHT TREMAINE
920 5th Ave., Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Fax: (206) 757-7700

Legal Action Project, Brady has filed numerous briefs in support of government regulation of firearms, including *McDonald v. City of Chicago*, 561 U.S. 742 (2010), *United States v. Hayes*, 555 U.S. 415 (2009), *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *Washington v. State Department*, No. 2:20-cv-00111-RAJ (W.D. Wash. 2020). Further, Brady filed *amicus* briefs supporting federal minimum-age laws in *National Rifle Association of America, Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185 (5th Cir. 2012) and *Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, No. 19-2250 (4th Cir. 2020).

4. *Amici* have significant expertise with laws restricting firearm purchase by minors under the age of 21, and represent the interests of citizens who benefit from those laws.[3] The proposed *amicus* brief, attached to this Motion, provides the Court with data demonstrating that (i) young people aged 18 to 20 are at higher risk of using firearms to attempt suicide, (ii) this group is disproportionately likely to carry out mass shootings at schools using a semiautomatic assault rifle, and (iii) the challenged law defines "semiautomatic assault rifles" so that it regulates the subset of rifles likely to be the most lethal if misused. This data confirms that there is a reasonable fit between Washington's restrictions on 18-to-20-year-olds' purchase of semiautomatic assault rifles and the state's important interest in public safety.

5. A "district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). The Court's discretion may be informed by Federal Rule of Appellate Procedure 29, which requires explanation of "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(B). The appellate rule allows prospective *amici curiae* to submit a proposed brief accompanied by a motion for leave to file up to "7 days after the principal brief of the party being supported" is filed, Fed. R. App. P. 29(a)(6). The attached brief is timely under this rule. *See Microsoft Corp.* v. *U.S. Dep't of Justice*, 2016

---

[3] *See, e.g.*, *Minimum Age to Purchase & Possess*, Giffords Law Center, https://lawcenter.giffords.org/gun-laws/policy-areas/who-can-have-a-gun/minimum-age/ (last visited Apr. 6, 2020).

| | |
|---|---|
| MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF BY GIFFORDS LAW CENTER AND BRADY NO. 3:19-CV-05106-RBD - 2 | DAVIS WRIGHT TREMAINE 920 5th Ave., Suite 3300 Seattle, WA 98104 Telephone: (206) 622-3150 Fax: (206) 757-7700 |

WL 4506808, at *9 (W.D. Wash. Aug. 29, 2016) (analogizing "to the applicable rules found in the Federal Rules of Appellate Procedure" and permitting nonparty to file *amicus* brief "no later than seven days after 'the principal brief of the party being supported is filed'") (quoting Fed. R. App. P. 29(a)(6)).

6. The "classic role" of *amici curiae* is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). "District courts frequently welcome *amicus* briefs from non-parties 'concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Chong Yim* v. *City of Seattle*, 2018 WL 5825965, at *1 (W.D. Wash. Nov. 7, 2018) (quoting *Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, at *1 (W.D. Wash. Oct. 21, 2013)). "[T]here is no rule that amici must be totally disinterested," and it is "a perfectly permissible role for an amicus" to "take a legal position and present legal arguments in support of it." *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986).

7. More specifically, district and appellate courts in the Ninth Circuit have found *amicus* briefs appropriate in cases raising Second Amendment questions, including *amicus* briefs submitted by Giffords Law Center, Brady, and other gun-violence-prevention groups. *See, e.g.*, *Peruta*, 824 F.3d at 943 (Graber, J., concurring) (citing Giffords Law Center brief (under former name Law Center to Prevent Gun Violence) in upholding California's restrictions on concealed firearms); *Fyock*, No. 14-15408, Dkt. 83 (9th Cir. Oct. 21, 2014) (granting motion of Brady Center to Prevent Gun Violence and the Major Chiefs Association to file *amicus* brief); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991 (C.D. Cal. 2019) (relying on statistics from "Everytown for Gun Safety's amicus brief").

MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF BY GIFFORDS LAW CENTER AND BRADY NO. 3:19-CV-05106-RBD - 3

DAVIS WRIGHT TREMAINE
920 5th Ave., Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Fax: (206) 757-7700

8. This Court has also previously authorized the filing of *amicus* briefs in cases that, like this one, raise important constitutional questions. *See Rynearson v. Ferguson*, No. 17-cv-05531, Dkt. 51 (W.D. Wash. Oct. 19, 2018) (granting motion for leave by third-party advocacy group to file *amicus* brief concerning First Amendment issues); *Hopper v. Melendez*, No. 05-cv-5680, Dkt. 182 (W.D. Wash. Oct. 23, 2007) (granting motion for leave by third-party advocacy group to file *amicus* brief concerning constitutional dimension of the right to counsel in immigration proceedings).

9. *Amici*'s participation is desirable because the organizations have substantial expertise with the minimum-age restriction at issue in this case and the relevant data and social science demonstrating its effectiveness. The important constitutional principles at stake here—including Washington's ability to protect public safety through calibrated firearm regulations—are fundamental to *Amici*'s missions and critically important to their supporters. Their proposed *amicus* brief can help the Court evaluate the parties' claims by presenting data and social science that support Washington's restrictions on 18-to-20-year-olds' ability to purchase firearms.

\*   \*   \*

For the foregoing reasons, Giffords Law Center and Brady respectfully request that the Court grant their motion for leave to file an *amicus* brief.

MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF BY GIFFORDS LAW CENTER AND BRADY NO. 3:19-CV-05106-RBD - 4

DAVIS WRIGHT TREMAINE
920 5th Ave., Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Fax: (206) 757-7700

April 7, 2020

DAVIS WRIGHT TREMAINE LLP
*Attorney for Amici Curiae Giffords Law Center to Prevent Gun Violence and Brady*

s/ *Bonnie E. MacNaughton*
Bonnie E. MacNaughton (#36110)
920 5th Ave., Suite 3300
Seattle, WA 98104
Tel: (206) 622-3150
Fax: (206) 757-7700
BonnieMacNaughton@dwt.com

*Of Counsel for Amicus Curiae Giffords Law Center to Prevent Gun Violence:*

J. Adam Skaggs
Hannah Shearer
Hannah Friedman
GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE
268 Bush St. # 555
San Francisco, CA 94104
(415) 433-2062

Robert A. Sacks
Leonid Traps
Angela N. Ellis
Jackson Froliklong
Rachel VanGelder
Stephanie M. Kelly
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000

*Of Counsel for Amicus Curiae Brady*:

Jonathan Lowy
Kelly Sampson
BRADY
840 First Street, NE, Suite 400
Washington, DC 20002
(202) 289-7319

MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF BY GIFFORDS LAW CENTER AND BRADY NO. 3:19-CV-05106-RBD - 5

DAVIS WRIGHT TREMAINE
920 5th Ave., Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Fax: (206) 757-7700